STATE of Wisconsin, Plaintiff-Respondent,

v.

DAVID J.K., Defendant-Appellant.†

Court of Appeals

*No. 93–3096–CR. Submitted on briefs August 25, 1994.—Decided December 14, 1994.*

(Also reported in 528 N.W.2d 434.)

†Petition to review denied.

730

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Christine E. Ohlis* of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *William C. Wolford*, assistant attorney general.

Before Anderson, P.J., Brown and Snyder, JJ.

SNYDER, J. David J.K. appeals from judgments of conviction for first-degree sexual assault of his children. David's primary argument on appeal is that he was denied due process when he was not present during a portion of voir dire which was held in camera. We agree with David that due process requires a defendant's presence during voir dire; however, we conclude that any error was harmless.

David also argues that the trial court erred in denying his request to have the victims submit to a psychological examination, relying on *State v. Maday*, 179 Wis. 2d 346, 353, 507 N.W.2d 365, 369 (Ct. App. 1993). We conclude that *Maday* is inapplicable in this case. Because we are also unpersuaded that David's other arguments warrant reversal, we affirm the judgments of conviction and the order denying postconviction relief.

David was charged with two counts of first-degree sexual assault of a child based upon alleged sexual contact with his then four-year-old daughter, Alisha K., and his two-year-old son, Tyler K. After a five-day jury trial, David was found guilty on both counts and sentenced to eighteen years in prison and twenty years of probation consecutive to the prison term. He then filed a motion for postconviction relief, which the trial court denied.

David appeals the judgments of conviction and the order denying postconviction relief and presents the following arguments: (1) he was denied the opportunity to have his psychological expert examine the victims prior to trial, (2) he was denied due process by his absence during the in camera voir dire of certain jurors, (3) he was denied his right to effective assistance of counsel because his attorney failed to include him in the in camera voir dire and failed to strike

certain jurors, and (4) there was insufficient evidence to support his conviction. We are unpersuaded by any of these arguments and therefore affirm the convictions and the order denying postconviction relief. We will recite further relevant facts as we discuss each issue.

## PSYCHOLOGICAL EXAMINATION

Prior to trial, David filed a motion for discovery for an order requiring the victims to submit to a psychological evaluation by an expert of his choice. The trial court denied that motion, and this court subsequently denied David's petition for leave to appeal the trial court's order. Relying on *Maday*, he contends that the denial of his motion was erroneous. We disagree.

In *Maday*, the State proposed to present the opinions of five experts that the behaviors exhibited by the complainants of sexual abuse were consistent with the behaviors of sexual abuse victims whom the experts had dealt with in the past, as authorized by *State v. Jensen*, 147 Wis. 2d 240, 432 N.W.2d 913 (1988). *Maday*, 179 Wis. 2d at 350, 507 N.W.2d at 368. All of the State's experts were retained in anticipation of trial and none was the victim's treating therapist. *Id.*

In response, the defendant moved that the trial court require the victims to submit to examinations by psychologists of his choice so that he could present substantive evidence to rebut the State's evidence of the victims' mental condition and behavior. *Id.* The trial court denied the request. *Id.* at 351, 507 N.W.2d at 368. On appeal, this court concluded that the defendant was entitled to the examinations based on fundamental fairness. Because the State put the behavior of the victims into issue, we concluded that the defendant must be given the opportunity to dis-

cover the psychological condition of the victims in order to present meaningful evidence to counter the State's *Jensen* evidence. *Id.* at 357, 507 N.W.2d at 371.

We conclude that *Maday* is inapplicable here. David argues that like the defendant in *Maday*, he was denied fundamental fairness because the State presented the testimony of Dr. Beverly Bliss at trial, who had personally examined Alisha, while his psychological expert could only give opinions in the form of hypotheticals. In *Maday*, however, the defendant sought psychological examinations of the victims solely to rebut the State's evidence of the victims' mental condition and behavior. *Id.* at 352 & n.3, 507 N.W.2d at 368. Here, Alisha was referred to Bliss by her guardian ad litem for a psychological examination. David never argued that an examination by his expert was necessary to rebut *Jensen* evidence proposed by the State. Rather, it is clear that David's motivation for requesting the psychological examinations of the victims was to challenge their credibility and competency.

As we noted in *Maday*, a defendant must present a "strong and compelling" reason in support of a motion for an examination to assess competency. *Id.* at 352 n.3, 507 N.W.2d at 368. Because David failed to make any showing that the victims lacked mental competency to testify, we conclude that the trial court properly exercised its discretion in denying David's motion. The only question was whether the victims' version of what happened was true, which is exclusively up to the jury to decide. *See State v. Toy*, 125 Wis. 2d 216, 222, 371 N.W.2d 386, 389 (Ct. App. 1985) (the jury is the sole judge of the credibility of witnesses).

We have recently been presented with various arguments which similarly have attempted to broaden the scope of our decision in *Maday*. *See, e.g., State v. Mainiero*, 189 Wis. 2d 80, 89–91, 525 N.W.2d 304, 308-09 (Ct. App. 1994). We stress here that the psychological examination of the complainant authorized in *Maday* is strictly limited to situations in which the prosecution retains experts in anticipation of trial in order to present *Jensen* evidence.

## DUE PROCESS

During voir dire, the trial court asked potential jurors whether anyone had been involved in a sexual abuse experience within their family or with a close friend. Three potential jurors raised their hands and were then privately questioned by the judge and the two attorneys in chambers. David was not present during the in camera voir dire of the three jurors.[1]

One of the jurors stated that his fourteen-year-old niece was a victim of a rape by an eighteen-year-old and that charges were pending. He also indicated that he believed he could be objective and would not be sympathetic to the State's case because of his niece's

---

[1] There was some dispute at the postconviction hearing as to whether David was present during the in camera voir dire. Both David and a juror who was questioned testified that David was not present, and David's attorney testified that he could not recall. The trial court indicated that its general policy was to invite a defendant into such in-chamber conferences and advise counsel of the defendant's right to be present. However, because the record fails to establish that David was present or that the trial court inquired whether he wished to be present, the court assumed for the purposes of the postconviction motion that David was not present. We make the same assumption.

experience. Another juror stated that his daughter had been molested by his aunt's second husband approximately eight years ago. He stated that he believed he could put his personal feelings regarding that incident aside and decide David's case on the evidence presented. Both jurors ultimately served on the jury.

David argues that his absence during the in camera voir dire of these two jurors denied him due process. It is clear that David had both a constitutional and a statutory right to be present during the in camera voir dire. An accused has the right under Article I, Section 7 of the Wisconsin Constitution and the Sixth and Fourteenth Amendments of the United States Constitution to be present at trial. *May v. State*, 97 Wis. 2d 175, 186, 293 N.W.2d 478, 483 (1980). Further, we note that § 971.04(1)(c), STATS., requires that a defendant be present "[a]t all proceedings when the jury is being selected." Therefore, we agree with David that due process required his presence during the court's in camera voir dire.

However, a defendant's presence is required as a constitutional condition of due process only to the extent that a fair hearing would be thwarted by his absence. *May*, 97 Wis. 2d at 186, 293 N.W.2d at 483. Further, the denial of a defendant's right to be present at a particular stage of trial does not automatically entitle him or her to a new trial; such error may be found to be harmless beyond a reasonable doubt. *See State v. McMahon*, 186 Wis. 2d 68, 88, 519 N.W.2d 621, 629 (Ct. App. 1994) (trial court's comments to the deliberating jury without the defendant or his counsel present held to be violative of constitutional right to be present at trial but also held to be harmless error).

736

Based upon our review of the postconviction motion record, we hold that any error was harmless.

David testified at the postconviction hearing that he did not know he had a right to be present, and when he asked his attorney, Craig Parshall, what happened in chambers, Parshall only said that he had no problem with the jurors. He contends that had he been aware of what these potential jurors said about their family experiences with sexual assaults, he would have told Parshall to strike these jurors based upon their implied bias.

Parshall recalled the events very differently. He testified that prior to trial he discussed with David the likelihood of in camera voir dire of certain jurors who had previous experiences with sexual abuse with a family member or a friend. He stated that he advised David of his right to be present and discussed with him the pros and cons of doing so. He also testified that after the in camera voir dire, he advised David of the experiences of the two jurors who ultimately served on the jury. He further informed David that he did not seek to strike them because they both fit his jury profile, that he and David were "of one mind" regarding the ideal jury profile, and that David did not object to keeping the two jurors.

The trial court found that David's absence during the in camera voir dire represented a deliberate choice made by David and Parshall so that the jurors would be more open and candid about their past experiences regarding sexual abuse incidents. The court also found that David and Parshall were "of one mind" as to who would sit on the jury, and that Parshall discussed each juror with David before making a decision on whether to strike the juror.

It is apparent from these findings that the trial court believed Parshall's testimony over David's. The determination of credibility, including the defendant's credibility, is exclusively for the trier of fact. *See Micro-Managers, Inc. v. Gregory*, 147 Wis. 2d 500, 512, 434 N.W.2d 97, 102 (Ct. App. 1988). Further, while the question of whether David was denied due process is a constitutional question which we review de novo, the trial court's findings of historical or evidentiary facts are reviewed under the clearly erroneous standard. *State v. Turner*, 136 Wis. 2d 333, 343-44, 401 N.W.2d 827, 832 (1987). We conclude that the trial court's findings are not clearly erroneous.

Based upon the trial court's finding that David agreed with, or did not object to, Parshall's decision not to strike the jurors in question, any error was harmless because those jurors would have sat on the jury even had David been present in chambers. Therefore, we conclude that there is no reasonable possibility that the error contributed to David's conviction. *See State v. Dyess*, 124 Wis. 2d 525, 543, 370 N.W.2d 222, 231-32 (1985).

## INEFFECTIVE ASSISTANCE OF COUNSEL

David next argues that his trial counsel was ineffective for failing to include him in the in camera voir dire and for failing to strike the two jurors with prior sexual abuse experiences. To establish a claim of ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that it prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Whether counsel's actions consti-

tute ineffective assistance is a mixed question of law and fact. *State v. Pitsch*, 124 Wis. 2d 628, 633-34, 369 N.W.2d 711, 714 (1985). The trial court's findings of what happened are factual and we will not overturn them unless they are clearly erroneous. *Id*. at 634, 369 N.W.2d at 714. However, whether counsel's conduct as found by the trial court was deficient and prejudicial are both questions of law which we review de novo. *Id*. at 634, 369 N.W.2d at 715.

Based upon the trial court's findings regarding what happened before and after the in camera voir dire, we conclude that David has failed to meet both prongs of the ineffective assistance of counsel test. To prove deficient performance, a defendant must show that counsel made errors so serious that he or she was not functioning as the counsel guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. The appropriate measure of attorney performance is reasonableness considering all of the circumstances. *Id*. at 690. Here, Parshall's decisions not to have David present in chambers and not to strike the two jurors were the result of reasonable professional judgment in consultation with David. The record reveals no facts to support that Parshall was deficient in his performance regarding jury selection.

Even were we to hold that counsel erred in not having David present, David fails to establish how he was prejudiced. To establish prejudice, a defendant must show that counsel's errors were so serious as to deprive him or her of a fair trial, a trial whose result is reliable. *State v. Johnson*, 153 Wis. 2d 121, 127, 449 N.W.2d 845, 848 (1990). The defendant must show that there is a reasonable probability that, but for counsel's

739

errors, the result of the proceeding would have been different. *Id.* at 129, 449 N.W.2d at 848.

We conclude that no prejudice exists because David was advised of the jurors' comments and did not object to them being on the panel. Further, both jurors stated that despite their past experiences they believed that they could be impartial. Therefore, there is no reasonable probability that, but for any error by counsel in failing to ensure that David was present or in failing to strike the two jurors, the outcome of the trial would have been different.

## SUFFICIENCY OF THE EVIDENCE

Last, David argues that the evidence presented at trial is insufficient to support his conviction on both counts. When reviewing the sufficiency of the evidence, the test we apply is whether the evidence, when viewed most favorably to the State and the conviction, is so insufficient in probative value and force that, as a matter of law, no reasonable jury could have found guilt beyond a reasonable doubt. *State v. Tarantino*, 157 Wis. 2d 199, 218, 458 N.W.2d 582, 590 (Ct. App. 1990).

David's sufficiency of the evidence argument consists primarily of attacking the credibility of the victims on the basis that neither Alisha nor Tyler could identify David as their father in court. David's expert opined that a child victim of sexual abuse would vividly remember the face of the perpetrator and be able to so indicate. However, the State's expert testified that the children may have refused to identify David because they were angry at him and did not want to acknowledge his existence. Further, it had been over two years since the children last saw David.

It is for the jury, not this court, to resolve conflicts in testimony and determine the credibility of witnesses. *See State v. Fettig*, 172 Wis. 2d 428, 448, 493 N.W.2d 254, 262 (Ct. App. 1992). The jury apparently determined that the children's testimony was credible and that the State's expert provided a reasonable explanation for their inability to identify their father in court. We will not overturn the jury's credibility determinations.

Other than questioning the credibility of the victims and the doctor who examined Alisha, David fails to offer any other support for his assertion that the evidence was insufficient to support the convictions, and he ignores the overwhelming testimony against him. Therefore, we deem it unnecessary to document the State's case in detail. Rather, we simply note that Alisha and Tyler both testified regarding the fact that David had sexual contact with them on various occasions, and their testimony was corroborated by other witnesses who testified that the children told them similar accounts. A criminal conviction can stand based in whole or in part on circumstantial evidence. *Bautista v. State*, 53 Wis. 2d 218, 223, 191 N.W.2d 725, 728 (1971). We have reviewed the entire record and conclude that there was sufficient credible evidence from which the jury could conclude that David committed the offenses charged beyond a reasonable doubt.

*By the Court.*—Judgments and order affirmed.