STATE of Wisconsin, Plaintiff-Respondent,

v.

Edwin J. STREET, Defendant-Appellant.†

Court of Appeals

*No. 95–2242–CR. Submitted on briefs March 11, 1996.—Decided May 16, 1996.*

(Also reported in 551 N.W.2d 830.)

† Petition to review denied.

533

For the defendant-appellant the cause was submitted on the briefs of *Mark A. Eisenberg* of *Eisenberg Law Offices, S.C.* of Madison.

For the plaintiff-respondent the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Thomas J. Balistreri*, assistant attorney general.

Before Dykman, Sundby and Vergeront, JJ.

VERGERONT, J. Edwin Street appeals from a judgment of conviction for sexual contact with a thir-

teen-year-old child in violation of § 948.02(2), STATS.,[1] and an order denying his motion for postconviction relief. Street contends: (1) he was denied effective assistance of counsel because his first attorney, who represented him through the preliminary hearing, had a conflict of interest; (2) he was denied effective assistance of counsel because both his first attorney and his second attorney failed to object to his bind over and both inadequately prepared for trial; (3) the trial court erred in admitting prior consistent statements under § 908.01(4)(a)2, STATS.; (4) certain comments made by the district attorney in closing argument constituted plain error under § 901.03(4), STATS.; and (5) the use of videotaped depositions at trial violated his confrontation rights under the United States and Wisconsin Constitutions. We reject each argument and affirm.

## BACKGROUND

Street was charged with two counts of sexual contact with a minor. The first count alleged that Street had sexual contact with six-year-old B.L.S. in early to mid-July 1993. The second count alleged that Street had sexual contact with thirteen-year-old B.L.G. on July 13, 1993. The complaint was based on the written report of Marquette County Sheriff's Department Detective Thomas Schrank.

Street retained Attorney Daniel Sondalle to defend him against the charges. Sondalle was already representing Detective Schrank in a divorce action when he agreed to represent Street. Sondalle testified at the postconviction hearing that he was aware from the

---

[1] Section 948.02(2), STATS., provides: "Whoever has sexual contact or sexual intercourse with a person who has not attained the age of 16 years is guilty of a Class C felony."

criminal complaint that Schrank was the investigating officer in the criminal case against Street.[2] Sondalle discussed this with Schrank and Street, but did not obtain their written consent to simultaneously represent them. The divorce action was still pending at the time of the postconviction hearing.

After the initial appearance, the State filed a motion to allow the children to testify at trial via video-taped depositions pursuant to § 967.04(7)(a), STATS.,[3] and to use a screen during the videotaped depositions to shield the children from Street. At the hearing on the motion, the State presented the testimony of Darlene Freeman, a psychotherapist who works with child victims of sexual abuse. Freeman testified that she had met with the children for five one-hour sessions. Freeman testified that it was difficult for each child to talk about her experiences with Street; that it would be traumatic for each to testify face-to-face with Street; and that a videotaped deposition using a screen would be in the best interests of each child. The trial court granted the State's motion and directed that the video-

---

[2] Street did not testify at the postconviction hearing and Attorney Sondalle's testimony was not controverted.

[3] Section 967.04(7), STATS., provides in part:

(a) In any criminal prosecution or any proceeding under ch. 48, any party may move the court to order the taking of a videotaped deposition of a child who has been or is likely to be called as a witness. Upon notice and hearing, the court may issue an order for such a deposition if the trial or hearing in which the child may be called will commence:

1. Prior to the child's 12th birthday; or

2. Prior to the child's 16th birthday and the court finds that the interests of justice warrant that the child's testimony be prerecorded for use at the trial or hearing under par. (b).

(b) [Ten factors the court may consider in determining the interests of justice.]

taped depositions be taken with a screen blocking Street's view of the children, but placed so that Street's counsel could observe the demeanor of the children.[4]

Each child's testimony was videotaped at the preliminary hearing. At the conclusion of the hearing, the trial court determined that there was probable cause to believe that a felony had been committed by Street and bound Street over for trial. The information contained the same two counts as set forth in the criminal complaint.

Attorney Sondalle filed a motion to exclude the videotaped depositions from trial on the grounds that the State had not established the requirements set forth in § 967.04(7)(a) and (b), STATS., for use of a videotaped deposition, and that the use of the screen violated Street's confrontation rights under the United States and Wisconsin Constitutions. Sondalle then withdrew from the case and Attorney James Hublou was substituted as counsel. At the postconviction hearing, Sondalle testified that, although he knew that a "potential conflict of interest" existed from the time he began representing Street based on his simultaneous representation of Street and Schrank, he thought he might be able to plea bargain the case. After the preliminary hearing, he realized the case would proceed to trial and that "I must get out of the situation . . . [b]ecause of the possible conflict of interest."

At the hearing on the motion to exclude the videotaped depositions, the State acknowledged that the trial judge who decided the State's motion for use of the videotaped depositions did not discuss the factors

[4] The record reveals that the screen arrangements permitted Street to observe on television the children's testimony as the videotaping proceeded.

listed in § 967.04(7)(b), STATS.[5] However, the trial court stated that a review of the transcript of the hearing on the motion revealed that the standards established in § 967.04(7) had been met at the time the videotaped depositions were permitted.

Following a trial, the jury found Street not guilty of having sexual contact with B.L.S., but guilty of having sexual contact with B.L.G. Street's motion for postconviction relief was denied.

## INEFFECTIVE ASSISTANCE OF COUNSEL

### *I. Conflict of Interest*

Street alleges that he was denied his Sixth Amendment right to effective assistance of counsel because Attorney Sondalle had a conflict of interest that adversely affected his representation.

■

A defendant's right to effective assistance of counsel is guaranteed by the Sixth Amendment to the United States Constitution and art. I, § 7 of the Wisconsin Constitution. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984); *State v. Wirts*, 176 Wis. 2d 174, 180, 500 N.W.2d 317, 318 (Ct. App.), *cert. denied*, 114 S. Ct. 257 (1993). Where a constitutional right to counsel exists, there is a correlative right to representation that is free from conflicts of interest. *Wood v. Georgia*, 450 U.S. 261, 271 (1981). "The right to counsel guaranteed by the Constitution contemplates the services of an attorney devoted solely to the interests of his client." *Von Moltke v. Gillies*, 332 U.S. 708, 725 (1948).

---

[5] The trial judge who presided at the hearing on the State's motion for use of videotaped depositions and at the preliminary hearing recused himself prior to the hearing on Street's motion to exclude the videotaped depositions from trial.

In order to establish a Sixth Amendment violation on the basis of a conflict of interest, a defendant who did not raise an objection at trial must demonstrate by clear and convincing evidence that his or her counsel had an actual conflict of interest and that the actual conflict of interest adversely affected his or her lawyer's performance. *Rosenwald v. United States*, 898 F.2d 585, 587 (7th Cir. 1990) (quoting *Strickland*, 466 U.S. at 692); *State v. Foster*, 152 Wis. 2d 386, 392, 448 N.W.2d 298, 301 (Ct. App. 1989) (co-defendants). The defendant need not make the full showing of prejudice usually required under *Strickland*—that it is more likely than not that the outcome of the proceeding would have been different had the attorney acted properly. *Rosenwald*, 898 F.2d at 587. In *Strickland*, the United States Supreme Court explained:

> In *Cuyler v. Sullivan*, [446 U.S. 335, 345-50 (1980)], the Court held that prejudice is presumed when counsel is burdened by an actual conflict of interest. In those circumstances, counsel breaches the duty of loyalty, perhaps the most basic of counsel's duties. . . . Even so, the rule is not quite the per se rule of prejudice that exists [when there is an "[a]ctual or constructive denial of the assistance of counsel altogether"]. Prejudice is presumed only if the defendant demonstrates that counsel "actively represented conflicting interests" and that "an actual conflict of interest adversely affected his lawyer's performance."

*Strickland*, 466 U.S. at 692. *See also Foster*, 152 Wis. 2d at 393, 448 N.W.2d at 301 ("If the lawyer's performance for the complaining client is compromised by the dual representation, the client need not prove prejudice because prejudice is presumed.").

Since the pertinent facts are not disputed, whether the facts establish a constitutional violation is a question of law that we review de novo. *See State v. Woods*, 117 Wis. 2d 701, 715, 345 N.W.2d 457, 465 (1984), *habeas corpus granted on other grounds sub nom. Woods v. Clusen*, 605 F. Supp. 890 (E.D. Wis. 1985), *aff'd*, 794 F.2d 293 (7th Cir. 1986).

We conclude that Attorney Sondalle had an actual conflict of interest. While Sondalle was representing Street, he was also representing Detective Schrank in a divorce proceeding. The fact that the simultaneous representation was in an unrelated civil matter makes no difference in the conflict of interest inquiry. *Rosenwald*, 898 F.2d at 587-88. The pressure on counsel is financial—he or she does not want to lose a client whether that client is seeking advice on a civil or criminal matter. *Id.* A lawyer's duty of loyalty to his or her client and to promote the client's interests exists in both the civil and criminal contexts. *See* SCR 20:1.7.

The interests of Street and Schrank were divergent. *Cf. Foster*, 152 Wis. 2d at 394, 448 N.W.2d at 301. Street desired an acquittal and Schrank had an interest in a conviction. Schrank was the investigating officer in the case against Street. He interviewed the children and Street, referred the case to the district attorney, testified on behalf of the State, and sat with the district attorney at counsel table throughout the trial. For purposes of the criminal trial, Street and Schrank were adversaries.

However, while Attorney Sondalle had an actual conflict of interest, Street has not demonstrated by clear and convincing evidence that the conflict adversely affected Sondalle's representation. Street

first contends that Sondalle's failure to impeach Schrank demonstrates that the actual conflict of interest adversely affected Sondalle's performance. To impeach a witness, there must be some basis for contending that the facts may be different from those to which the witness has testified. *See State v. Dean*, 67 Wis. 2d 513, 534, 227 N.W.2d 712, 722 (1975), *cert. denied*, 423 U.S. 1074 (1976). Street does not point to any basis for impeaching Schrank.

Street also claims that Attorney Sondalle's failure to challenge Schrank's interviewing techniques demonstrates an actual conflict of interest that adversely affected Sondalle's performance. Again, Street does not explain any basis for challenging Schrank's interviewing techniques. *See State v. Kirschbaum*, 195 Wis. 2d 11, 26 n.2, 535 N.W.2d 462, 467 (Ct. App. 1995) (listing seven examples of improper interviewing techniques).

Street next contends that Attorney Sondalle's failure to use Schrank's police report to impeach the children demonstrates that the actual conflict of interest adversely affected Sondalle's performance. However, Street does not identify what statements in the report could have been used to contradict the testimony given by the children. Moreover, we fail to see how Sondalle's decision not to use Schrank's police report to impeach the children could have been motivated by his desire to keep Schrank as a client in the divorce case. This would not have called Schrank's integrity or competence into question.

Finally, Street argues that Attorney Sondalle's decision to allow Schrank to accompany Street alone to Chicago, Illinois, for a polygraph examination demonstrates that an actual conflict adversely affected his representation. We disagree. There is no basis to conclude that Sondalle's decision, even if it were

professionally unreasonable, can be attributed to loyalty to Schrank. Sondalle testified at the hearing that the reason he did not go to Chicago was that he was busy working on other cases, and nothing in the record controverts this.[6]

■

Because Street has not established that the actual conflict of interest adversely affected his lawyer's representation, his claim of ineffective assistance of counsel based on a conflict of interest fails.[7]

## II. Bind Over

Street next contends that he was denied his right to effective assistance of counsel when Attorneys Sondalle and Hublou failed to object to his bind over on both counts in the criminal complaint following the preliminary hearing. Street argues that because the trial court determined only that there was probable cause to believe that Street committed *a* felony, and did not determine that there was probable cause on each count, his bind over on both counts was improper and his attorneys should have objected.[8]

---

[6] The results of Street's polygraph examination were not presented to the jury.

[7] Our resolution of this issue makes it unnecessary to address the State's claim that Street waived his right to conflict-free representation.

[8] Section 970.03, STATS., governs preliminary hearings. It provides in relevant part:

> (7) If the court finds probable cause to believe that a felony has been committed by the defendant, it shall bind the defendant over for trial.
>
> . . . .
>
> (10) In multiple count complaints, the court shall order dismissed any count for which it finds there is no probable cause. The facts

In order to prevail on a claim of ineffective assistance of counsel in this context, a defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687; *State v. Pitsch*, 124 Wis. 2d 628, 633, 369 N.W.2d 711, 714 (1985). Prejudice occurs when there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. We reject an ineffective assistance claim if the defendant fails to satisfy either part of the two-part test. *State v. Johnson*, 153 Wis. 2d 121, 128, 449 N.W.2d 845, 848 (1990).

In a multiple-count complaint, the State must establish probable cause to believe the defendant committed a felony with respect to each transactionally distinct count in the complaint. *State v. Akins*, 198 Wis. 2d 495, 506, 544 N.W.2d 392, 396 (1996). Assuming, without deciding, that the two counts were wholly unrelated, it was necessary for the trial court to find probable cause to believe that a felony was committed as to each count. *State v. Williams*, 198 Wis. 2d 479, 484 n.3, 544 N.W.2d 400, 402 (1996). However, Street has not shown how his attorneys' failure to object when the trial court did not satisfy this requirement was prejudicial. He does not take the position that there was not probable cause to believe that he committed a felony in each count, and our review of the preliminary hearing transcript reveals that there was probable cause to believe Street committed a felony in each

arising out of any count ordered dismissed shall not be the basis for a count in any information filed pursuant to ch. 971. Section 970.04 shall apply to any dismissed count.

count. Because Street has not established that he was prejudiced by the failure to object to his bind over, his ineffective assistance of counsel claim based on bind over fails.

### III. Trial Preparation

Street also asserts that he was denied his right to effective assistance of counsel because both of his attorneys failed to adequately prepare for trial in a variety of respects. We conclude Street has not established deficient performance.

Relying on *State v. Maday*, 179 Wis. 2d 346, 507 N.W.2d 365 (Ct. App. 1993), Street first argues that Attorney Sondalle's performance was deficient because he failed to request an independent examination of/ the children before the hearing on the State's motion for use of videotaped depositions, and that Attorney Hublou's performance was deficient because he failed to request such an examination before trial. In *Maday*, we considered whether a defendant in a sexual assault prosecution is entitled to a pretrial psychological examination of the victim when the State gives notice that it intends to introduce evidence generated by a psychological examination of the victim by the State's experts that the victim's behaviors were consistent with the behavior of a sexually abused person. *Id.* at 349-50, 507 N.W.2d at 367-70. We concluded that because fundamental fairness requires that a defendant be able to obtain all relevant evidence necessary to be heard in his or her own defense, the trial court has the discretion to grant a motion for a psychological examination of the victim. *Id.* at 349, 507 N.W.2d at 367. However, before a trial court may grant such a request, the defen-

547

dant must have presented evidence of a compelling need or reason for the examination and the trial court must balance the rights of the defendant against the interests of the victim. *Id.* at 349-50, 507 N.W.2d at 367. We set forth seven criteria the trial court should consider in evaluating a defendant's request for a pretrial psychological examination of the victim. *Id.* at 360, 507 N.W.2d at 372.

Assuming *Maday* applies when the State intends to introduce expert testimony at a hearing on a motion for use of videotaped depositions under § 967.04(7), STATS., as well as when the State seeks to introduce expert testimony under *State v. Jensen,* 147 Wis. 2d 240, 432 N.W.2d 913 (1988), at trial, Street has not discussed any of the factors we spelled out in *Maday* that could have established a compelling need or reason for the independent examination.

Street next contends that Attorney Sondalle was deficient in failing to attack Darlene Freeman's expertise. This argument lacks merit. Freeman testified that she has a B.A. in psychology from Central Michigan University and a M.A. in counseling psychology from Western Michigan University. She has been engaged in psychotherapy for eights years, has been employed as a psychotherapist at Pauquette Center in Portage for three years, and has worked with approximately ten to twenty child victims of sexual abuse in the past year. Street does not offer any specific basis for challenging Freeman's expertise.

Street's contention that Attorney Sondalle and Attorney Hublou were deficient in failing to look up Freeman'sr psychological diagnosis of the children in the *Diagnostic and Statistical Manual* is also unpersuasive. Freeman defined the adjustment disorder B.L.G. suffers from at the hearing on the State's motion

for use of videotaped depositions, and described the disorder's symptoms and causes. Moreover, a specifically-defined mental disorder is not required to support the use of a videotaped deposition for a child victim of sexual assault. The pertinent factor in § 967.04(7), STATS., is as follows:

> Whether the child manifests or has manifested *symptoms associated* with posttraumatic stress disorder or other mental disorders, including, without limitation, reexperiencing the events, fear of their repetition, withdrawal, regression, guilt, anxiety, stress, nightmares, enuresis, lack of self-esteem, mood changes, compulsive behaviors, school problems, delinquent or antisocial behavior, phobias or changes in interpersonal relationships.

Section 967.04(7)(b)8, STATS. (emphasis added).

Freeman discussed at length the anxiety, guilt, nightmares, compulsive behaviors and stress expressed by both children in relating their sexual assaults, and the trial court concluded that these symptoms, in conjunction with other factors listed in § 967.04(7)(b), STATS., warranted the use of videotaped depositions.

We also reject Street's claim that his attorneys were deficient in failing to hire an expert to challenge Freeman's testimony and to obtain Freeman's notes. Street does not specifically explain how an expert would have been helpful in terms of rebutting Freeman's opinion that both children would be traumatized by the legal process or why Freeman's notes were required.

Although Street alleges that Attorney Sondalle was deficient in preparing for cross-examination of the children, he does not describe in what ways the preparation was deficient. Finally, while Street complains

that neither Attorney Sondalle or Attorney Hublou attacked the interviewing techniques of Freeman and Schrank, he does not state on what basis their techniques could have been challenged. *See Kirschbaum,* 195 Wis. 2d at 26, 535 N.W.2d at 467.

## PRIOR CONSISTENT STATEMENTS

Street contends the trial court erred in admitting prior statements made by the children to Freeman and Schrank regarding their sexual assaults that were consistent with their testimony presented at trial through the videotaped depositions. The trial court ruled that these statements were admissible under § 908.01(4)(a)2, STATS.,[9] to rebut defense counsel's suggestion that the children's videotaped testimony had been rehearsed or coached.[10]

Citing *Tome v. United States,* — U.S. —, 115 S. Ct. 696 (1995), Street argues that only statements made by the children prior to the alleged sexual contacts by him are admissible as prior consistent statements. Street misreads *Tome*. In *Tome*, the United States Supreme Court held that Rule 801(d)(1)(B) of the Federal Rules of Evidence embodies the common-law requirement that a prior consistent out-of-court statement of a witness, in order to be admissible to rebut a charge of

---

[9] Section 908.01(4)(a)2, STATS., provides that a statement is not hearsay if the declarant testifies at the trial or hearing, the declarant is subject to cross-examination, and the prior statement is:

> Consistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive.

[10] The admission of evidence is a matter within the discretion of the trial court. *State v. Clark,* 179 Wis. 2d 484, 490, 507 N.W.2d 172, 174 (Ct. App. 1993).

recent fabrication, improper influence or improper motive, must have been made before the alleged fabrication, influence, or motive came into being.[11] Thus, consistent statements made prior to the alleged coaching of the children are admissible. *See also State v. Peters*, 166 Wis. 2d 168, 176, 479 N.W.2d 198, 201 (Ct. App. 1991) (to qualify as an admissible prior consistent statement, not only must the prior statement be consistent with the declarant's testimony at trial, but it must also be offered to rebut an express or implied charge of recent fabrication or improper influence or motive).

Street does not dispute that the statements made to Freeman on August 7, 1993, and to Schrank on July 16 and 17, 1993, were made prior to the alleged coaching for the videotaped depositions, which were ordered on September 28, 1993. Consequently, the statements were properly admitted.

## CLOSING ARGUMENT

Street contends that he suffered irreparable harm when the State argued as follows in closing argument:

> The defendant's attorney, his job is to try and get you to find the defendant not guilty. That is his job and that is what the system requires. My job, as prosecutor, is similar to your job because my job, as prosecutor, and the standards on prosecution, tell me my job is to find out what the truth is too and to advocate for the truth. I think we have a similar job. Our jobs are both the same, search for the truth, find out what the truth is.

[11] Rule 801(d)(1)(B) of the Federal Rules of Evidence mirrors § 908.01(4)(a)2, STATS.

Street argues that this statement portrayed him and his attorney as persons attempting to manipulate the judicial system, and was an improper attempt by the prosecutor to align himself with the jury.

Street acknowledges that he cannot obtain review of this issue as of right because his attorney did not object to the State's closing argument. However, he argues that the prosecutor's unobjected-to conduct was plain error warranting a new trial. A defendant's failure to object to a plain error affecting substantial rights does not preclude us from taking notice of the error. Section 901.03(4), STATS. But the error must be so fundamental that a new trial or other relief must be granted, and the error must be obvious and substantial, or grave. *State v. Kruzycki*, 192 Wis. 2d 509, 527, 531 N.W.2d 429, 436 (Ct. App. 1995). "The plain-error rule is reserved for cases in which it is likely that the error denied the defendant a basic constitutional right." *Id.* Whether or not an error occurred, we see nothing so obvious and substantial, or grave, that would warrant the application of the plain-error rule.

## RIGHT TO CONFRONTATION

Street finally argues that his confrontation rights under the United States and Wisconsin Constitutions were violated because the trial court permitted the children to testify at trial via videotaped depositions without making a finding that the children would be traumatized, not by the legal process generally, but by

the presence of the defendant.[12] This argument is without merit.

Street relies on *Maryland v. Craig*, 497 U.S. 836 (1990). In *Craig*, the Court held that before a special procedure may be used that would permit a child witness to testify against the defendant in the absence of face-to-face confrontation, the trial court must make a case-specific finding after a hearing that the child would be traumatized by testifying in the presence of the defendant. However, Street does not argue that the trial court failed to make this finding prior to permitting the children to testify behind a screen during the videotaped depositions. Rather, he argues that the trial court failed to make this finding prior to ordering the use of videotaped depositions. A finding that the child witness would be traumatized, not by the courtroom generally, but by testifying face-to-face with the defendant, is not required by *Craig* before the trial court permits the use of a videotaped deposition. A videotaped deposition under § 967.04(7), STATS., is the functional equivalent of in-court testimony, with the exceptions that the jury is viewing taped testimony rather than live testimony and the defendant is confronting the witnesses prior to trial rather than at trial.

---

[12] The Confrontation Clause of the Sixth Amendment to the United States Constitution provides: "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." The confrontation right under art. I, § 7 of the Wisconsin Constitution is the same as that secured under the United States Constitution. *State v. Burns*, 112 Wis. 2d 131, 144, 332 N.W.2d 757, 764 (1983). Whether a defendant's confrontation right is infringed presents a question of law, which this court reviews *de novo*. *State v. Sharp*, 180 Wis. 2d 640, 647, 511 N.W.2d 316, 319 (Ct. App. 1993).

*State v. Thomas*, 144 Wis. 2d 876, 888, 425 N.W.2d 641, 645 (1988) (*Thomas I*), *confirmed and supplemented in light of Coy v. Iowa*, 487 U.S. 1012 (1988), 150 Wis. 2d 374, 442 N.W.2d 10 (*Thomas II*), *cert. denied*, 493 U.S. 867 (1989). Unless additional special procedures are ordered, *i.e.*, a screen, the defendant is present at the videotaped deposition and is afforded his or her opportunity for face-to-face cross-examination. *See* § 967.04(8).

■ If Street is also arguing that the use of a screen during the videotaped depositions was not warranted because the trial court failed to make a finding that the children would be traumatized by testifying face-to-face with the defendant, we reject this argument as well. While the trial court did not make this specific finding, the uncontradicted evidence presented at the hearing on the State's motion for use of videotaped depositions with a screen established that both children would be traumatized by testifying face-to-face with Street and that the use of a screen would be in the best interests of both children.

*By the Court.*—Judgment and order affirmed.

SUNDBY, J. (*dissenting*). I am unable to agree with the majority that the defendant was not prejudiced by the fact that his attorney was representing the State's sole police witness when Street was charged with and tried for sexual contact with a child. I conclude that such simultaneous representation has an impermissible chilling effect upon counsel's duty to represent his or her client. I therefore dissent.

When defendant retained his trial counsel, counsel was representing Detective Thomas Schrank in a

divorce action. Counsel testified that he informed Street that he was representing Schrank. Street interjected: "He's a liar." Counsel testified that he was aware that he needed written permission from both Street and Schrank in order to represent Street in the criminal prosecution. At the request of appellate counsel, the court took judicial notice of Supreme Court Rule 20:1.7 which provides in part:

> (a) A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless:
>
> . . . .
> (2) each client consents in writing after consultation.

The COMMENT to this rule states in part:

> Loyalty is an essential element in the lawyer's relationship to a client. An impermissible conflict of interest may exist before representation is undertaken, in which event the representation should be declined. . . .
> . . . Loyalty to a client is . . . impaired when a lawyer cannot consider, recommend or carry out an appropriate course of action for the client because of the lawyer's other responsibilities or interests. . . . A possible conflict does not itself preclude the representation. The critical questions are the likelihood that a conflict will eventuate and, if it does, whether it will materially interfere with the lawyer's independent professional judgment in considering alternatives or foreclose courses of action that reasonably should be pursued on behalf of the client. . . .
> . . . .
> . . . The potential for conflict of interest in representing multiple defendants in a criminal case is so

grave that ordinarily a lawyer should decline to represent more than one co-defendant. . . .

The potential for conflict of interest in simultaneously representing a criminal defendant and a representative of the State charged with the responsibility of prosecuting the defendant is so grave that an attorney should not undertake representation of a criminal defendant in such circumstances, even where disclosure is made and the client consents. The usual criminal defendant is so unfamiliar with criminal procedure—plea bargaining, admission of inculpatory statements, admission of other-acts evidence, impeachment of witnesses, submission to the jury of an instruction on a lesser-included offense, and jury instructions, for example—that the criminal defendant cannot be expected to make an intelligent decision whether to waive the conflict of interest.

The multiple representation of co-defendants does not implicate these considerations in the usual case. Frequently, the defendant may gain an advantage by having his or her counsel represent co-defendants. It can be easily explained to a defendant that such representation could result in antagonistic defenses, depending on the course of the trial and the evidence presented by the State. However, there is nothing a criminal defendant can gain by having as his counsel an attorney who may have a conscious or unconscious reluctance to present a zealous defense which may antagonize his private client.

The majority would place on the criminal defendant the burden to show that his counsel did not in fact provide the kind of zealous representation to which a criminal defendant is entitled. I conclude that placing this burden on the defendant violates his Sixth Amendment right to effective assistance of counsel and his

Fourteenth Amendment right to due process. A criminal defendant cannot possibly know what course of action his or her counsel might have taken had he or she been free to represent the defendant zealously.

Although I conclude that an attorney may not represent a criminal defendant and a member of the prosecutor's team simultaneously, I do not conclude that failure of an attorney to withdraw when such conflict becomes evident, requires reversal of every resulting criminal conviction. The attorney may represent a minor player on the prosecutor's team without adversely affecting his or her representation of the criminal defendant. However, Detective Schrank was not a minor player on the prosecutor's team; he was the investigating officer, he interviewed the children and Street, referred the case to the district attorney, testified on behalf of the State, and sat with the district attorney at counsel table throughout the trial. As the majority concludes, the defendant and Detective Schrank were adversaries. Majority op. at 544. I therefore conclude that the defendant did not receive a fair trial and I would reverse his conviction and remand for a new trial.