STATE of Wisconsin, Plaintiff-Respondent,

v.

Donnie COBBS, Defendant-Appellant.†

Court of Appeals

*Nos. 97–1521–CR, 97–2403–CR. Submitted on briefs June 16, 1998.—Decided July 22, 1998.*

(Also reported in 584 N.W.2d 709.)

†Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Helen M. Mullison* of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general and *Daniel J. O'Brien*, assistant attorney general.

Before Snyder, P.J., Brown and Anderson, JJ.

ANDERSON, J. Donnie Cobbs appeals from a judgment of conviction for burglary in violation of § 943.10(1)(a), STATS., and an order denying his motion for postconviction relief.[1] Cobbs argues that the trial court failed to conduct an adequate colloquy after being informed about a potential conflict of interest with the state public defender, Attorney Eric Guttenberg, appointed to represent Cobbs. Guttenberg had previously worked in the district attorney's office and had prosecuted Cobbs on numerous occasions. We conclude that the trial court's colloquy with Cobbs was adequate and that there was no conflict of interest, actual or implied, in this case. We affirm the judgment and the order.

In December 1995, Cobbs was charged with one count of burglary as a habitual offender. The state public defender's office appointed Guttenberg to represent him. At a status hearing on January 29, 1996, Guttenberg informed the court that he had prosecuted Cobbs while he was working in the district attorney's office, that he had told Cobbs there was a potential

---

[1] Cobbs actually filed two separate appeals, one from the judgment of conviction, No. 97–1521-CR, and one from the order denying his motion for postconviction relief, No. 97–2403-CR. We ordered the two appeals consolidated.

conflict of interest and that Cobbs indicated he had no objection to Guttenberg being his attorney. The court then inquired on its own whether Cobbs had any objection to Guttenberg representing him and Cobbs said, "No." The court also informed Cobbs that because Guttenberg was appointed a new attorney could be assigned, but Cobbs said he wanted to keep Guttenberg.

Guttenberg worked full time and part time in the Racine county district attorney's office from July 1976 to March 1990. As an assistant district attorney, Guttenberg prosecuted Cobbs in seven burglary prosecutions, one receiving stolen property prosecution and one unknown felony prosecution. All nine prosecutions were resolved by a plea agreement. At the time Guttenberg was appointed in this case, he was working in private practice.

This case was resolved by a plea agreement as well. Cobbs pled guilty to burglary, the State dropped the habitual criminality enhancer and both sides were free to argue the sentence. The State recommended his sentence run consecutive to his parole revocation, and Guttenberg, faced with Cobbs' extensive record, argued that any sentence should run concurrent. The court imposed a ten-year prison term to run consecutive to Cobbs' parole revocation. Cobbs filed a postconviction motion alleging ineffective assistance of counsel based on a conflict of interest. The court denied the motion and Cobbs appeals.

Cobbs claims that he was denied the effective assistance of counsel guaranteed by the Sixth Amendment because Guttenberg had a conflict of interest. Cobbs' principal challenge is that the trial court failed to follow the mandated procedure set forth in *State v. Kaye*, 106 Wis. 2d 1, 14, 315 N.W.2d 337, 392 (1982),

and *State v. Miller*, 160 Wis. 2d 646, 660–61, 467 N.W.2d 118, 123 (1991), once the problem of a conflict of interest was brought to its attention.

■

The pertinent facts are not disputed. Thus, whether the facts establish a constitutional violation is a question of law that we review de novo. *See State v. Street*, 202 Wis. 2d 533, 543, 551 N.W.2d 830, 835 (Ct. App. 1996).

■

It is uncontested that a defendant may waive an actual or serious potential conflict of interest claim involving his or her attorney. *See Miller*, 160 Wis. 2d at 652, 467 N.W.2d at 119–20. The waiver must be knowing and voluntary. *See id.* Our supreme court has directed that a trial court should make the following inquiry when a question of conflict of interest about an accused's counsel of choice is raised in any criminal case:

> The court should inquire of the defendants and their attorney at the arraignment as to the possibility for actual conflicts of interest. The judge should ensure that the defendants understand the potential conflicts and determine whether they want separate counsel. . . . [T]his determination [to allow representation] should not be made unless it is clear the defendants have made a voluntary and knowing waiver of their right to separate counsel.

*Kaye*, 106 Wis. 2d at 14, 315 N.W.2d at 342 (as directed by *Miller*, 160 Wis. 2d at 660–61, 467 N.W.2d at 123). Once satisfied that the defendant has made a voluntary and knowing waiver of a conflict of interest, the trial court may permit counsel's continued representation, *see Kaye*, 106 Wis. 2d at 14, 315 N.W.2d at 342, or

in its discretion, a court may disqualify an accused's chosen counsel when there is an actual conflict or a serious potential conflict of interest, *see Miller*, 160 Wis. 2d at 661, 467 N.W.2d at 123.

In this case, the trial court conducted a brief colloquy with Cobbs, accepted his waiver of any potential conflict of interest and permitted Guttenberg's continued representation of Cobbs. Cobbs' complaint is that although the court made an inquiry, it did not conduct the *Kaye* colloquy, as directed by *Miller*.

■

Although the court did not follow the exact guidelines of *Kaye*, we nevertheless conclude that its colloquy was sufficient and Cobbs knowingly and voluntarily waived any conflict of interest claim. Guttenberg first reminded Cobbs, privately, that he had prosecuted him a number of times in the past, but Cobbs wanted to continue with Guttenberg as his attorney. Then at the status hearing, Guttenberg provided a summation of their conversation for the court, and the court conducted its own inquiry with Cobbs, albeit brief, and satisfied itself that a full disclosure had occurred. We conclude that the court's inquiry follows the spirit of the directive in *Miller*—the court *should* make an inquiry as directed in *Kaye* when a question of conflict of interest is raised. *See Miller*, 160 Wis. 2d at 660–61, 467 N.W.2d at 123.[2]

---

[2] We note that the *Miller* court did not mandate that the precise inquiry outlined in *Kaye* be followed. Rather, it directed that a trial court *should* make an inquiry as set forth in *Kaye*. *See State v. Miller*, 160 Wis. 2d 646, 660–61, 467 N.W.2d 118, 123 (1991). In part that is why we found the trial court's brief colloquy to be sufficient. Nevertheless, we would suggest that in the future, trial courts affirm that counsel has revealed a potential conflict, if one exists, verify whether the defendant recalls

 Despite Cobbs' protestations to the contrary, we conclude that there was no actual conflict or a serious potential conflict of interest by Guttenberg's representation. To establish "an actual conflict," it is not sufficient to "show that a mere possibility or suspicion of a conflict could arise under hypothetical circumstances." *State v. Medrano*, 84 Wis. 2d 11, 28, 267 N.W.2d 586, 593 (1978). "An actual conflict of interest exists only when the attorney's advocacy is somehow adversely affected by the competing loyalties." *State v. Owen*, 202 Wis. 2d 620, 639, 551 N.W.2d 50, 58 (Ct. App. 1996).

There were no competing loyalties in this case. This is not a case involving multiple representation by one attorney where conflicts of interest based on loyalties to one party or the other are often present. *See State v. Love*, 218 Wis. 2d 1, 5 n.3, 579 N.W.2d 277, 279 (Ct. App. 1998). Nor is this a situation where defense counsel has appeared for and represented the State as a prosecutor in prior proceedings involving the *same case* in which he or she currently represents the defendant, a per se conflict of interest. *See id.* at 11, 579 N.W.2d at 281.

Although Guttenberg had represented the State in prior proceedings against Cobbs, he did not represent the State in any prior proceedings in the instant case; he was appointed defense counsel from the start. In addition, Guttenberg had terminated his employment with the district attorney's office in March 1990, a full

the prior prosecution and counsel's role and understands how the conflict could arise, and confirm that the defendant understands substitute counsel could be appointed. *Cf.* WIS J I—CRIMINAL SM–45 (instruction for situation in which counsel represents multiple defendants).

five and one-half years before this charge was issued on December 14, 1995. Clearly, there was no financial conflict. Thus, any argument that Guttenberg was biased towards the State would be pure conjecture.

Moreover, Cobbs does not raise an objection to Guttenberg's actual representation of him because there was no conflict of interest realized in counsel's defense of Cobbs. Guttenberg negotiated a plea agreement in which the habitual criminality penalty enhancer would be dismissed in exchange for a guilty plea on the burglary, thus reducing Cobbs' potential exposure. Although Cobbs received ten years, based on his extensive criminal record, mostly burglaries, and his failure to cease his criminal activities, Guttenberg was limited to the arguments he could make at sentencing. Realistically, a concurrent prison sentence was the most Cobbs could ask for. Cobbs' interests were not compromised by Guttenberg's prosecutions of Cobbs in prior, unrelated proceedings.

In sum, we conclude that the trial court's colloquy with Cobbs, although not as thorough as *Kaye* directs, was nevertheless adequate and that Cobbs knowingly and voluntarily waived any potential conflict of interest. We further conclude that despite Cobbs' protestations, there was no conflict of interest, actual or implied. Guttenberg effectively advocated Cobbs' interests.

*By the Court.*—Judgment and order affirmed.