BRASH, J.[1]
¶1 Michael Wade appeals his judgment of conviction entered after a jury convicted him of misdemeanor intimidation of a witness and two counts of knowingly violating a domestic abuse injunction, all charged as a habitual criminality repeater. He also appeals an order of the circuit court denying his postconviction motion.
¶2 Wade argues that his trial counsel had an actual conflict of interest because he had previously represented the victim in Wade's case. The court that heard his postconviction motion found that the situation was brought to the trial court's attention and that Wade had personally waived any conflict, which was sufficient to establish the waiver of any conflict that may have existed. We affirm.
BACKGROUND
¶3 These charges against Wade stem from two phone calls he made on July 29, 2016, to N.D. while he was incarcerated at the House of Correction. N.D. was the petitioner and a witness for the State in a case against Wade for domestic abuse. A domestic abuse injunction had been issued against Wade on November 16, 2015, effective until November 16, 2019, which prohibited Wade from having contact with N.D.[2]
¶4 Wade made the first call to N.D. early in the afternoon on July 29, 2016. N.D. was upset with Wade and told him he was guilty. Wade told N.D. to keep the kids in the house "in case someone comes ... to serve her a subpoena." During the second call to N.D., which Wade made that evening, he told her to "stay[ ] out of the limelight from these people."
¶5 Jail phone records traced the calls back to Wade. Additionally, Wade's long-time probation agent identified his voice from the audio tape of the calls.
¶6 Wade was charged with misdemeanor intimidation of a witness and two counts of knowingly violating a domestic abuse injunction, and the matters proceeded to trial in October 2016. Prior to the start of the trial, the trial court[3] addressed a possible conflict of interest relating to Wade's trial counsel, Mark Tishberg, who had previously represented N.D. in some criminal matters. Wade confirmed that he was aware of this fact and agreed that it was acceptable for Attorney Tishberg to continue to represent him. N.D. was also aware of this situation, and the State did not object.
¶7 During the three-day trial, Wade testified on his own behalf; N.D. never testified. Wade was convicted on all charges. He was sentenced in January 2017 to a six-year term, bifurcated as four and one-half years of initial confinement and one and one-half years of extended supervision.
¶8 Wade filed a motion for postconviction relief requesting a new trial based on Attorney Tishberg's previous representation of N.D., which Wade asserted was an actual conflict of interest. Wade alleged that he was prejudiced by this conflict in that Attorney Tishberg never called N.D. to testify, and thus the jury was never allowed to "fully evaluate [N.D.]'s lack of credibility[.]"
¶9 The postconviction court[4] denied the motion without a hearing. The postconviction court found that the record made prior to the start of trial-when Wade confirmed that he knew of Attorney Tishberg's previous representation of N.D. and it was acceptable to Wade that Attorney Tishberg continued to represent him-was sufficient to establish a waiver of any conflict of interest. The postconviction court further found no ineffective assistance on the part of Attorney Tishberg. This appeal follows.
DISCUSSION
¶10 On appeal, Wade asserts that his Sixth Amendment right to counsel was violated because Attorney Tishberg had an actual conflict of interest while representing Wade, and that conflict adversely affected Attorney Tishberg's representation of his interests. "In criminal cases, conflict of interest claims involving attorneys are treated analytically as a subspecies of ineffective assistance of counsel." State v. Love , 227 Wis. 2d 60, 68, 594 N.W.2d 806 (1999). A defendant who makes a conflict of interest claim in a postconviction motion, but did not raise an objection at trial, must show that "an actual conflict of interest adversely affected his lawyer's performance." State v. Villarreal , 2013 WI App 33, ¶8, 346 Wis. 2d 690, 828 N.W.2d 866 (citation and two sets of quotation marks omitted).
¶11 However, a defendant "who validly waives his right to conflict-free representation also waives the right to claim ineffective assistance of counsel based on the conflict." State v. Demmerly , 2006 WI App 181, ¶16, 296 Wis. 2d 153, 722 N.W.2d 585. The waiver by the defendant must be knowing and voluntary. State v. Cobbs , 221 Wis. 2d 101, 105, 584 N.W.2d 709 (Ct. App. 1998). To establish this, the trial court should conduct an inquiry to ensure that the defendant understands the potential conflict, so that the defendant can then decide whether to seek different counsel. Id.
¶12 As previously noted, the trial court addressed the issue of Attorney Tishberg's potential conflict of interest prior to trial, conducting the following inquiry:
THE COURT: All right. We did have some conversations in chambers about ... the alleged victim in this case-her name is [N.D.]. Mr. Wade, are you aware that Attorney Tishberg at one point represented her in some criminal matters?
THE DEFENDANT: Yes, I'm aware.
THE COURT: And I want to make sure that it's okay with you that he continues to represent you, given the fact that in the past he has represented her.
THE DEFENDANT: Yes.
THE COURT: Is that acceptable to you?
THE DEFENDANT: Yes.
THE COURT: And did you talk to him about this, Attorney Tishberg?
MR. TISHBERG: Yes. He knew about it for quite a while and I did discuss it with him earlier today.
¶13 Wade argues that this inquiry was not sufficient to constitute a waiver. However, the State points out that the trial court's inquiry in Cobbs was similarly brief, but this court nevertheless held that it was sufficient to determine that the defendant understood the potential conflict. Id. at 106. In Cobbs , the defendant's attorney had previously been a prosecutor, and had prosecuted the defendant several times. Id. The attorney reminded the defendant of this fact, but the defendant wanted to continue with that attorney representing him. Id.
¶14 The attorney then provided this information to the trial court, which conducted a brief inquiry as to the defendant's understanding of the situation. Id. This court determined that the trial court's inquiry, "albeit brief," was "nevertheless adequate" to determine that the defendant's waiver was knowing and voluntary. Id. , 106, 108.
¶15 Furthermore, we concluded that there was no actual conflict in that case. Id. at 108. We noted that "[a]n actual conflict of interest exists only when the attorney's advocacy is somehow adversely affected by the competing loyalties," and determined that there were no competing loyalties present: the case did not involve the representation of multiple defendants by the same attorney, and trial counsel had not represented the State in any prior proceedings in the instant case. Id. at 107. In fact, we pointed out that trial counsel had terminated his employment with the district attorney's office more than five years before the charge against that defendant was made. Id. at 107-08. Therefore, there was no actual conflict of interest on the part of trial counsel. Id. at 108.
¶16 Wade's case presents a similar factual scenario. Wade's trial counsel, Attorney Tishberg, had previously represented the victim in the case, N.D., in criminal matters. Attorney Tishberg discussed this privately with Wade, and then brought it to the trial court's attention prior to trial. The trial court then made its own inquiry as to Wade's understanding of the circumstances. Although this inquiry was brief, the trial court had "satisfied itself that a full disclosure had occurred." See id. at 106. We agree that the court's inquiry was sufficient to determine that Wade knew of and understood the potential conflict, and voluntarily waived any objection.
¶17 Moreover, we fail to see any "competing loyalties" present in this case that would establish an actual conflict of interest. See id. at 107. Attorney Tishberg's representation of N.D. dated back to 2001, approximately fifteen years before the charges against Wade in the present case were brought. Additionally, Attorney Tishberg did not represent N.D. in the present case, nor was there any issue relating to the representation of multiple defendants. See id. at 107.
¶18 Nevertheless, Wade contends that there was an actual conflict of interest because Attorney Tishberg "knew certain facts about N.D. that could have been helpful to Wade." These facts include prior "bad acts" of N.D., as well as her alleged use of thirty-three aliases. Wade contends that this information could have been used to call into question N.D.'s credibility. However, Attorney Tishberg never called N.D. as a witness.[5]
¶19 We are not persuaded. First, with regard to other acts evidence relating to N.D., the trial court instructed Wade before he testified that he was not permitted to discuss "any other situations with [N.D.]" because they were not relevant to these proceedings. Attorney Tishberg did not object. This determination was well within the trial court's discretion, see State v. Sullivan , 216 Wis. 2d 768, 780, 576 N.W.2d 30 (1998), and Attorney Tishberg cannot be deemed to be ineffective for failing to make a meritless argument, see State v. Allen , 2017 WI 7, ¶46, 373 Wis. 2d 98, 890 N.W.2d 245.
¶20 Moreover, we have already concluded that were no competing loyalties in this case that would establish an actual conflict of interest, in part because Attorney Tishberg's representation of N.D. occurred so long before these proceedings that he was not "actively representing conflicting interests" at the time he was representing Wade. See Villarreal , 346 Wis. 2d 690, ¶11. Therefore, Wade has failed to demonstrate that Attorney Tishberg's performance was adversely affected by an actual conflict of interest. See id.
¶21 In sum, we conclude that Wade waived his right to conflict-free representation and therefore also waived his right to claim ineffective assistance of counsel based on that conflict. Furthermore, Wade has not established that there was an actual conflict of interest that adversely affected Attorney Tishberg's representation of him. We therefore affirm.
By the Court. -Judgment and order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)(4)

This appeal is decided by one judge pursuant to Wis. Stat. § 752.31(2)(f) (2017-18). All references to the Wisconsin statutes are to the 2017-18 version unless otherwise noted.

The injunction was issued in Milwaukee Co. Case No. 2015FA7191; the defendant named is Luzerick Plain, an alias of Wade's. Because of some inconsistencies in the criminal complaint regarding the issuance date of the injunction, this information was confirmed on CCAP. CCAP is an acronym for Wisconsin's Consolidated Court Automation Programs. The online website reflects information entered by court staff, and we take judicial notice of that information. See Kirk v. Credit Acceptance Corp. , 2013 WI App 32, ¶5, n.1, 346 Wis. 2d 635, 829 N.W.2d 522.

The trial was before the Honorable Janet C. Protasiewicz, and we refer to her as the trial court.

Wade's postconviction motion was heard by the Honorable Michael J. Hanrahan as a result of judicial rotation; we refer to him as the postconviction court.

The postconviction court addressed this issue as a separate ineffective assistance of counsel claim, applying the test set forth in Strickland v. Washington , 466 U.S. 668 (1984). However, Wade presents this issue as the basis for his conflict of interest argument; that is, he contends that Attorney Tishberg's "divided loyalties" between Wade and N.D. was the reason behind his failure to call N.D. as a witness. Thus, it is not the Strickland analysis that is applied to Wade's claim; rather, the appropriate test is whether the defendant has shown that "an actual conflict of interest adversely affected his lawyer's performance." State v. Villarreal , 2013 WI App 33, ¶8, 346 Wis. 2d 690, 828 N.W.2d 866 (citation and two sets of quotation marks omitted). As noted in Villarreal , this test is different from the Strickland requirement of demonstrating prejudice, in that the "effect" being analyzed is the effect on the attorney's performance, not any possible effect on the outcome of the proceedings. Villarreal , 346 Wis. 2d 690, ¶10.