STATE of Wisconsin, Plaintiff-Respondent,

v.

Bryan A. WIRTS, Defendant-Appellant.†

Court of Appeals

*No. 91-2623-CR. Submitted on briefs May 8, 1992.—Decided March 11, 1993.*

(Also reported in 500 N.W.2d 317.)

†Petition to review denied.

For the defendant-appellant the cause was submitted on the briefs of *Jack E. Schairer*, assistant state public defender.

For the plaintiff-respondent the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Thomas J. Balistreri*, assistant attorney general.

Before Gartzke, P.J., Dykman and Sundby, JJ.

SUNDBY, J.   Bryan A. Wirts appeals from a judgment convicting him of first-degree sexual assault, contrary to sec. 940.225(1)(c), Stats.[1] He also appeals

---

[1] Section 940.225(1), Stats., provides: "Whoever does any of the following is guilty of a Class B felony: . . . (c) Is aided or abetted by one or more other persons and has sexual contact or

178

from orders denying his motion for postconviction relief. We affirm the judgment and orders.

Wirts does not deny that he had sexual intercourse with the complaining witness, but claims it was with her consent. Section 940.225(1)(c), Stats., required the state to prove beyond a reasonable doubt that the act of sexual intercourse was performed without the alleged victim's consent and by use of force or violence. The complaining witness testified that Wirts and his accomplice dragged her from her car and across her front lawn to a grassy area next to her house, where the assault occurred. Medical evidence was admitted showing that upon examination the next day, the witness's cervix, uterus and ovaries were tender and bruised.

In support of his motion for a new trial, Wirts argued that his trial counsel was ineffective in not presenting defensive evidence. The trial court agreed, but concluded that Wirts failed to show that he was prejudiced and dismissed his motion for postconviction relief. We agree.

The state concedes that trial counsel's performance was deficient in not examining the clothing worn by the complaining witness at the time of the alleged assault. Her clothing was introduced at the postconviction motion hearing. The crime laboratory report was also introduced, which stated that the laboratory did not find rips or tears in the clothing. The state concedes that the complaining witness's clothing was not ripped or torn and that there were no visible dirt or grass stains on the clothing. However, the state argues that counsel's failure to introduce such evidence at trial is insufficient to show prejudice. We agree.

sexual intercourse with another person without consent of that person by use or threat of force or violence."

179

The state argues that the trial court erred when it concluded that counsel was ineffective because he failed to preserve his right to show that the alleged victim had sexual intercourse with her husband approximately eight and one-half hours after the claimed assault. The state contends that trial counsel correctly concluded that such evidence was inadmissible under the rape shield law, sec. 972.11(2)(b), Stats. We disagree, but conclude that Wirts failed to show that his defense was prejudiced by counsel's omission.

The right to counsel guaranteed criminal defendants is the right to the effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 (1970). The test for effectiveness is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). The purpose of inquiring as to counsel's effectiveness is to ensure that the criminal defendant receives a fair trial. *State v. Johnson*, 153 Wis. 2d 121, 126, 449 N.W.2d 845, 847 (1990).

A claim that counsel's representation was ineffective requires two inquiries: an inquiry as to counsel's performance and an inquiry as to prejudice from counsel's deficient performance. *Strickland*, 466 U.S. at 698. We may avoid the deficient performance analysis altogether if the defendant has failed to show prejudice. *Johnson*, 153 Wis. 2d at 128, 449 N.W.2d at 848. Although we conclude that Wirts has failed to show prejudice, we choose nonetheless to examine counsel's performance with respect to the rape shield law because it presents an obstacle over which counsel and trial courts may easily stumble.

Under sec. 972.11(2)(b), Stats., evidence of the complaining witness's prior sexual conduct is not admissible except as evidence listed in subdivisions 1–3. "Prior sexual conduct" means conduct prior to the conclusion of trial, not prior to the sexual assault or sexual contact with which the defendant is charged. *State v. Gulrud*, 140 Wis. 2d 721, 729, 412 N.W.2d 139, 142 (Ct. App. 1987). Section 971.31(11), Stats., provides that in actions under sec. 940.225, Stats., the trial court must determine upon pretrial motion that evidence admissible under one of the statutory exceptions is material and of sufficient probative value to outweigh its prejudicial effect.[2] If it is not, such evidence may not be admitted.

The trial court granted the state's motion *in limine* to deny Wirts the right to introduce evidence of the complaining witness's subsequent sexual intercourse with her husband because Wirts had failed to request a pretrial motion under sec. 971.31(11), Stats. The state is correct that evidence that the complaining witness had sexual intercourse with her husband shortly after the alleged assault was not admissible under any of the exceptions listed in sec. 972.11(2)(b), Stats. Therefore, counsel was not deficient in failing to move for a hearing under sec. 971.31(11).

However, counsel was ineffective in not arguing that Wirts had a constitutional right to present such

---

[2] Section 971.31(11), Stats., provides:

In actions under s. 940.225 or 948.02, evidence which is admissible under s. 972.11(2) must be determined by the court upon pretrial motion to be material to a fact at issue in the case and of sufficient probative value to outweigh its inflammatory and prejudicial nature before it may be introduced at trial.

evidence under the confrontation and compulsory process clauses of article I, section 7 of the Wisconsin Constitution and the sixth amendment to the United States Constitution. *See State v. Pulizzano*, 155 Wis. 2d 633, 645, 456 N.W.2d 325, 330 (1990) (rights granted by the confrontation and compulsory process clauses essential to fair trial). In *Pulizzano*, the court held that evidence of a prior sexual assault to show an alternative source for sexual knowledge was admissible despite the rape shield law because the defendant's constitutional right to the evidence outweighed the state's interest underlying the rape shield law. *Id.* at 655, 456 N.W.2d at 334-35.

■

In *Gulrud*, the state conceded that evidence that the complaining witness had had sexual intercourse with a man other than Gulrud shortly after the alleged assault would have been relevant to show that someone else caused her injuries. *Gulrud*, 140 Wis. 2d at 734, 412 N.W.2d at 144. The trial transcript shows that Wirts's counsel was unfamiliar with either *Gulrud* or *Pulizzano*.[3] Counsel believed that the evidence of the alleged victim's sexual intercourse with her husband was important, but he could not supply the trial court with authority for admitting the evidence. We conclude that his unfamiliarity with the important principles

---

[3] *Pulizzano* was decided by the supreme court June 12, 1990, approximately four months before Wirts's trial. However, the court of appeals decided the case December 7, 1988. *See State v. Pulizzano*, 148 Wis. 2d 190, 434 N.W.2d 807 (Ct. App. 1988), *aff'd*, 155 Wis. 2d 633, 456 N.W.2d 325 (1990). The state cannot successfully claim that trial counsel's performance was not deficient because *Pulizzano* was not generally known to the bar.

stated in *Pulizzano* and *Gulrud* made his representation of Wirts deficient.

We next consider whether counsel's deficient performance prejudiced Wirts. A criminal defendant need not show that counsel's deficient performance was "outcome determinative" of his or her case. *Johnson*, 153 Wis. 2d at 129, 449 N.W.2d at 848.

> Rather . . . "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." [*Strickland*, 466 U.S.] at 694. In application of this principle, reviewing courts are instructed to consider the totality of the evidence before the trier of fact. *Id*. at 695.

*Id*. at 129-30, 449 N.W.2d at 848-49 (footnote omitted). After considering the totality of the evidence, our confidence in the outcome of Wirts's trial is not undermined.

Two investigating police officers testified that the grassy area where the assault supposedly occurred was matted down and there was an impression in the grass as if someone had laid there. Wirts asks: "If this matting occurred because of the assault, why weren't there stains or dirt on the clothing[?]" Wirts also asks why the complaining witness's clothing was not ripped, torn or stained if, as she testified, she was dragged from her car, dragged across her lawn, and forcibly assaulted.

Wirts's questions prompt two answers consistent with the evidence. First, there may have been grass and dirt stains or particles on the complaining witness's clothing which were not detectable except upon scientific examination. Second, the nature of the

assault was such that it was merely possible, not probable, that the witness's clothing would have been ripped, torn or stained. Wirts has not sufficiently discredited these answers to undermine our confidence in the outcome of his trial.

At the postconviction motion hearing, Wirts introduced the complaining witness's clothing and the state crime laboratory report. It is undisputed that the clothing shows no rips, tears or grass stains. The trial court observed "faint scrape-like dark-colored marks" on the back of the witness's blouse. We have been unable to detect such marks. The crime laboratory reported that there were no rips or tears of the alleged victim's clothing. The laboratory did not report any findings as to grass or dirt stains or particles on the clothing.

Wirts also presented the testimony of a former veteran police officer who had written an evidence manual for the Appleton Police Department on gathering and preserving evidence in sexual assault cases. He testified that in outdoor sexual assault cases the police should examine the alleged victim's clothing microscopically for grass stains or dirt. If such evidence is found, the clothing should be sent to the state crime laboratory for further examination.

We are satisfied that Wirts's counsel was deficient in failing to introduce the complaining witness's clothing and the crime laboratory report at trial. However, to show prejudice from counsel's failure to present that evidence, Wirts had to do more than merely show that failure: he was required to establish what that evidence would have shown and convince the reviewing court that failure to present the evidence undermined its confidence in the outcome of the trial. "Even if a defendant shows that particular errors of counsel were unreasonable . . . the defendant must show that they

actually had an adverse effect on the defense." *Strickland*, 466 U.S. at 693.

Wirts did not call the crime laboratory examiner as a witness at the postconviction motion hearing to determine whether the laboratory had examined the clothing for grass or dirt stains or to determine whether such an examination could have been fruitful. Wirts apparently did not attempt to have the clothing properly tested prior to the postconviction motion hearing. He did not present expert testimony that such evidence had been lost through the lapse of time.

The trial court was required to speculate, as are we, whether proper examination of the complaining witness's clothing would have shown the jury anything other than the absence of *apparent* grass or dirt stains or particles. The absence of apparent grass or dirt stains or particles would have permitted the jury to infer that the sexual intercourse did not occur as the complaining witness testified, but it would have been a weak inference.

We next consider the nature of the assault. The complaining witness testified that Wirts and his accomplice dragged her backwards to the place where Wirts assaulted her. When they reached the place where the assault occurred, she lost her footing and they threw her to the ground. If the jury believed her testimony, as it was entitled to do, it could have inferred that she was not dragged along the ground, as Wirts suggests. This inference would lessen the likelihood that the witness's clothing would have been ripped, torn or stained during the pre-intercourse assault.

The alleged victim also testified that Wirts's accomplice held her down while Wirts sexually assaulted her. When she tried to kick, Wirts's accom-

185

plice pressed down harder. She also testified that she was too frightened to scream. From this testimony, the jury could have inferred that the alleged victim did not cause her clothing to become grass or dirt stained by struggling. Counsel's failure to show that the complaining witness's clothing was not ripped or torn and did not exhibit apparent grass or dirt stains does not undermine our confidence in the result of Wirts's trial.

We next consider the failure of Wirts's counsel to present evidence that the complaining witness had sexual intercourse with her husband approximately eight and one-half hours after the claimed assault. Wirts claims that counsel's deficient performance prejudiced him in the following respects. First, counsel could have explored whether the complaining witness suffered any pain or discomfort during such intercourse. If she claimed that she did not, Wirts argues that "[a] whole line of questions could have developed the implausibility presented by these circumstances." Second, Wirts argues that the doctor's evaluation of the complaining witness's subjective complaints and symptoms was properly the subject of impeachment at trial. Wirts states: "The degree that non-violent intercourse after an incident could have affected the complaining witness's physical circumstances relating to her vaginal soreness could have been explored." Third, Wirts claims that sexual involvement, even with a spouse, so soon after an assault raised substantial questions as to the credibility of the complaining witness. He states: "The defense should have been able to present evidence and cross-examine about matters which could support its claim [that] the prior intercourse was consensual." Finally, Wirts argues that the complaining witness's subsequent sexual intercourse with her husband was

relevant to show an alternative source of the complaining witness's vaginal tenderness and bruising.

A showing of prejudice requires more than speculation. The "*Strickland* Court [placed] the burden on the defendant to *affirmatively* prove prejudice." *Johnson*, 153 Wis. 2d at 129, 449 N.W.2d at 848 (emphasis added). The "whole line of questions" which Wirts argues could have developed the implausibility that his intercourse with the complaining witness was forcible and violent should have been addressed to the complaining witness or her husband, or both, at the hearing on Wirts's postconviction motion. Wirts does not claim that either of these witnesses was unavailable or that the trial court would have denied his right to examine them adversely. Nor does Wirts assert that the doctor who examined the complaining witness was not available. Further, Wirts did not attempt to present expert testimony that the complaining witness could have experienced the type of tenderness of which she complained in sexual intercourse with her husband because she harbored guilty knowledge that she had shortly before engaged in consensual sexual intercourse with another man.

A criminal defendant who claims ineffective assistance of counsel cannot ask the reviewing court to speculate whether counsel's deficient performance resulted in prejudice to the defendant's defense. The defendant must affirmatively prove prejudice. Wirts has not done so.

To make the rape shield law inapplicable to the complaining witness's sexual intercourse with her husband, Wirts was required to present a sufficient offer of proof establishing his constitutional right to present

this evidence. *See State v. Moats*, 156 Wis. 2d 74, 111–12, 457 N.W.2d 299, 316 (1990). He did not attempt to do so.

Finally, Wirts asks that we exercise our discretionary authority under sec. 752.35, Stats., to grant him a new trial in the interest of justice. He argues that the related issues of force and consent were not fully tried. When the real controversy has not been fully tried, it is not necessary that we first conclude that the outcome would be different on retrial. *Vollmer v. Luety*, 156 Wis. 2d 1, 19, 456 N.W.2d 797, 805 (1990). In *Vollmer*, the court said that our "broad discretion" under sec. 752.35 "enables [the court of appeals] to achieve justice in individual cases, which is consistent with its role as an error-correcting court." *Id.* at 21, 456 N.W.2d at 806 (footnote omitted). We have reviewed the entire record in this case and conclude that despite trial counsel's deficient performance, our confidence in the outcome of Wirts's trial is not undermined. Therefore, we conclude that this is not an appropriate case in which to exercise our broad discretion under sec. 752.35.

*By the Court.*—Judgment and orders affirmed.