COURT OF APPEALS
DECISION
DATED AND FILED

July 21, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.** *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.     **2020AP2063**

**STATE OF WISCONSIN**

Cir. Ct. No.  2013CF1825

**IN COURT OF APPEALS
DISTRICT IV**

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

 V.

ANTHONY HILL,

   DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Rock County: JOHN M. WOOD, Judge. *Affirmed*.

Before Blanchard, P.J., Kloppenburg, and Fitzpatrick, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.  Anthony Hill, pro se, appeals the circuit court's order denying his postconviction motion under WIS. STAT. § 974.06 (2019-20).[1] Hill contends that appellate counsel in his direct appeal under WIS. STAT. RULE 809.30 was ineffective.  We affirm.

## *Background*

¶2     The facts of Hill's case are set forth in the per curiam opinion we issued in Hill's direct appeal.  *See **State v. Hill***, No. 2017AP957-CR, unpublished slip op. (WI App May 10, 2018).[2]  We summarize the relevant facts and procedural history here.

¶3     Hill was charged with armed robbery of a gas station, and the case proceeded to a jury trial.  *Id.*, ¶2.  An officer testified that he produced still photos from a surveillance video of the robbery and distributed the photos to the media. *Id.*  The officer then received information that Hill was the robber from a citizen who wished to remain anonymous.  *Id.*  After receiving this information, the officer contacted individuals who were familiar with Hill to determine whether they could identify Hill in the photos.  *Id.*  The officer made contact with Hill's supervising probation agent, Matthew Barnett, and provided Barnett with the photos. *Id.*

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

[2] We cite the per curiam opinion we issued in Hill's direct appeal for background and as law of the case.  However, this court's per curiam opinions generally may not be cited as precedent or authority.  *See* WIS. STAT. RULE 809.23(3).  The State's counsel violates this rule by citing as precedent or authority an additional per curiam opinion that does not involve Hill.  We caution the State's counsel not to engage in this practice.

¶4    Barnet testified and identified Hill as the robber, but the jury was not told that Barnett was Hill's supervising probation agent. *Id.*, ¶¶2-3. Instead, Barnett testified that he was familiar with Hill and that he had worked with Hill professionally. *Id.*, ¶3. Barnett testified that he was 99.9% sure that Hill was the suspect shown in the photos. *Id.*

¶5    The jury found Hill guilty. *Id.*, ¶4. Hill filed a postconviction motion that included claims of ineffective assistance of trial counsel. *Id.*, ¶4 & n.2. The circuit court held an evidentiary hearing, and Hill's trial counsel testified. *Id.*, ¶5. The court denied the motion. *Id.*, ¶6. In the direct appeal that followed, Hill pursued two of the claims raised in his postconviction motion. *See id.*, ¶¶4, 8, 10.

¶6    Hill first claimed that trial counsel was ineffective by failing to object to the officer's testimony that a citizen who wished to remain anonymous had reported that Hill was the robber. *Id.*, ¶8. Hill argued that counsel should have objected to this testimony as inadmissible hearsay. *Id.* Hill also argued that the identification was testimonial and violated his right to confrontation. *Id.* Hill contended that, absent a jury instruction that the testimony was not offered for the truth of the matter asserted, the jury would not have understood that the testimony was limited to explaining why the officer began investigating Hill. *Id.* Hill argued that he was prejudiced by the testimony because the anonymous identification bolstered the prosecution's claim that Hill was the suspect shown in the photos. *Id.*

¶7    We concluded that Hill had not established that trial counsel was ineffective by failing to object to the officer's testimony regarding the anonymous tip because Hill had not shown that there was a reasonable probability of a

different outcome without that testimony, one of the two prongs of the test for ineffective assistance of counsel. *Id.*, ¶¶7, 9. We reasoned that the officer's testimony regarding the anonymous tip was not as significant to the State's case as Barnett's testimony identifying Hill with 99.9% certainty. *Id.*, ¶9. We further reasoned that the jury had the opportunity to determine for itself whether Hill was the suspect in the photos because the jury had viewed both Hill and the photos. *Id.*

¶8      The second claim that Hill raised in his direct appeal was that trial counsel was ineffective by failing to object to Barnett's testimony. *Id.*, ¶10. Hill argued that Barnett's testimony was unnecessary because the jury had been able to view the photos and make its own determination of whether Hill was the suspect in the photos. Hill also argued that Barnett had testified as an expert by stating his level of certainty at 99.9%. *Id.*

¶9      We concluded that Barnett's testimony was admissible lay opinion testimony based on his personal knowledge of Hill's appearance from multiple in-person meetings. *Id.*, ¶11. We also concluded that Barnett's identification of Hill was helpful to a determination of a fact in issue, namely, whether Hill was the suspect shown on the surveillance video. *Id.* Based on our conclusion that Barnett's testimony was admissible, we further concluded that trial counsel was not ineffective by failing to object to the testimony. *Id.*

¶10      Subsequent to his direct appeal, Hill filed a new postconviction motion under WIS. STAT. § 974.06. Hill contended that appellate counsel was ineffective in his direct appeal, both by inadequately briefing the claims counsel raised and by failing to raise other claims entirely. The circuit court denied the motion. This appeal follows.

*Discussion*

¶11    As he did in his WIS. STAT. § 974.06 motion, Hill contends in this appeal that appellate counsel in his direct appeal was ineffective, both by inadequately briefing the claims counsel raised and by failing to raise other claims entirely. Hill does not persuade us that appellate counsel was ineffective in either of these respects.

¶12    Whether counsel's performance satisfies the constitutional standard for ineffective assistance of counsel is a question of law that appellate courts review de novo. *State v. Thiel*, 2003 WI 111, ¶21, 264 Wis. 2d 571, 665 N.W.2d 305. A defendant must satisfy a two-prong test, showing both that counsel performed deficiently and that counsel's deficient performance prejudiced the defense. *Id.*, ¶18.

¶13    To establish deficient performance, the defendant must show that counsel's representation fell below an objective standard of reasonableness. *Id.*, ¶19. "When evaluating counsel's performance, courts are to be 'highly deferential' and must avoid the 'distorting effects of hindsight.'" *Id.* (quoted source omitted). To demonstrate prejudice, the defendant must show that, absent counsel's error, there was a reasonable probability of a different result. *Id.*, ¶20. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.*

¶14    When, as here, appellate counsel's performance is at issue, our supreme court has concluded that the "clearly stronger" test applies to determine whether appellate counsel performed deficiently. *See State v. Starks*, 2013 WI 69, ¶60, 349 Wis. 2d 274, 833 N.W.2d 146, *abrogated on other grounds by State ex rel. Warren v. Meisner*, 2020 WI 55, ¶¶5, 41-43, 52, 392 Wis. 2d 1, 944 N.W.2d

588. Under this test, the defendant generally must establish that the arguments or claims that appellate counsel failed to raise are clearly stronger than the arguments or claims that counsel did raise. *See id.*, ¶¶59-60. Here, for the reasons that follow, we conclude that Hill has not demonstrated that any of the arguments or claims that appellate counsel failed to raise are clearly stronger than those that counsel did raise.[3]

¶15 We turn first to Hill's contention that appellate counsel was ineffective by inadequately briefing the claims that counsel did raise in Hill's direct appeal. Hill argues that counsel's briefing was inadequate with respect to each of those two claims.

¶16 Hill first contends that appellate counsel should have cited additional case law in support of his claim that trial counsel was ineffective by failing to object to the officer's testimony regarding the anonymous tipster identifying Hill as a suspect. More specifically, Hill argues that appellate counsel should have cited additional case law that would have shown that this testimony was inadmissible. However, as explained above, we concluded in Hill's direct appeal that Hill had not shown prejudice, that is, he had not shown a reasonable probability of a different outcome without the officer's testimony. *See Hill*, No. 2017AP957-CR, ¶9. Appellate counsel's failure to provide additional case law showing that the testimony was inadmissible would not have changed our conclusion as to prejudice. Accordingly, Hill does not persuade us that appellate counsel was ineffective by failing to cite the additional case law.

---

[3] Hill makes alternative arguments that, regardless of whether counsel was ineffective, there was plain error or other serious reversible error with respect to some of his claims. For reasons discussed in the text, we are not persuaded by these alternative arguments.

¶17    Hill next contends that appellate counsel should have argued that trial counsel was ineffective by failing to object to Barnett's identification testimony on the additional ground that it was inherently unreliable identification evidence that violated Hill's right to due process. Hill argues that Barnett's testimony should have been suppressed on this basis pursuant to case law addressing eyewitness identifications obtained through unnecessarily suggestive police procedures, such as "showups" or poorly conducted lineups. *See Perry v. New Hampshire*, 565 U.S. 228, 241-42 (2012); *see also Manson v. Brathwaite*, 432 U.S. 98, 114 (1977). However, Hill does not explain why this case law would determine the admissibility of Barnett's identification of Hill when Barnett's testimony was that he was familiar with Hill through multiple in-person meetings. Accordingly, Hill does not persuade us that appellate counsel's failure to rely on this case law constituted ineffective assistance of counsel.

¶18    We turn to Hill's contention that appellate counsel was ineffective by failing to raise additional claims of ineffective assistance of trial counsel in Hill's direct appeal. Hill asserts that there are a number of such claims that appellate counsel could have raised that are clearly stronger than the claims counsel did raise. For the reasons we now explain, Hill does not persuade us that any of these additional claims of ineffective assistance of trial counsel are clearly stronger than the claims appellate counsel did raise.

¶19    Hill's first claim is that trial counsel was ineffective by eliciting the following testimony from a police detective:[4]

---

[4] Hill also claims that trial counsel was ineffective by failing to object to evidence that Hill told his wife not to answer questions. Hill's argument regarding this claim is difficult to

(continued)

Q. And tell me about the interview [with Hill]. What did he tell you?

A. I began to ask him questions. He told me his name, his date of birth, his address. He told me about his employment. I informed him that I wanted to ask him some questions about a number of burglaries and a robbery that had occurred in the City of Beloit, Wisconsin. And he informed me that he did not want to answer any of my questions.

Q. Did he tell you why he didn't want to answer any of those questions?

A. He did not give an explanation for that.

¶20 Hill argues that trial counsel's elicitation of this testimony was contrary to his right against self-incrimination. He further argues that the testimony was prejudicial because the jury may have inferred guilt from his refusal to answer the detective's questions. Hill argues that trial counsel should have moved to strike this testimony or sought a curative instruction. For all of these reasons, Hill argues that appellate counsel was ineffective by failing to claim that trial counsel was ineffective with respect to the detective's testimony that Hill refused to answer questions. We are not persuaded for the following three reasons.

¶21 First, trial counsel's testimony at Hill's postconviction hearing demonstrated that trial counsel was not expecting the detective to testify that Hill refused to answer questions and that, once that testimony occurred, trial counsel used a reasonable strategy to minimize the negative impact on Hill.[5] Trial counsel

---

follow and appears to relate to spousal privilege. The argument does not persuade us that Hill has any viable claim relating to evidence of what he told his wife.

[5] "Counsel's decisions in choosing a trial strategy are to be given great deference." *State v. Balliette*, 2011 WI 79, ¶26, 336 Wis. 2d 358, 805 N.W.2d 334.

testified that the detective's answer "kind of slid out," and that "[t]here are some things you just—it comes out. You move on. You don't want to highlight it again by making a big deal of it."

¶22 Second, the detective's testimony about Hill's refusal to answer questions, when placed in its broader context, was not as damaging to the defense as Hill portrays it. Under further questioning by Hill's counsel, the detective acknowledged that, contrary to his initial testimony, his report showed that Hill declined to answer questions because he claimed he had no knowledge of the robbery. Specifically, the detective acknowledged that his report stated that Hill told the officer "quote, I did not have any knowledge of what's going on. So I really don't have anything to say about it." This latter testimony likely minimized any negative impact from the detective's initial testimony. It was also consistent with Hill's alibi defense.[6]

¶23 Third, the detective's testimony about Hill's refusal to answer questions was not likely to have been a significant factor in the jury's decision when considered alongside Barnett's testimony that identified Hill as the suspect in the photos with a 99.9% certainty. Given Barnett's familiarity with Hill, his testimony was powerful evidence of Hill's guilt. Moreover, as explained in our opinion in Hill's direct appeal, the jury had the opportunity to determine for itself whether Hill was the suspect in the photos because the jury had viewed both Hill and the photos. *See **Hill***, No. 2017AP957-CR, ¶9.

---

[6] Hill's brother and brother's girlfriend testified that Hill was with them and other family members on the night of the robbery.

9

¶24    Hill next claims that trial counsel was ineffective with respect to another aspect of the detective's testimony. Hill argues the detective was permitted to make repeated references to Hill being a suspect in other burglaries or robberies, contrary to the circuit court's pretrial ruling excluding such other acts evidence. Hill contends that trial counsel should have objected to these references, moved to strike them, or sought a curative instruction. Hill contends that he was prejudiced by these references because of the inherently prejudicial nature of inadmissible other acts evidence. For all of these reasons, Hill argues that appellate counsel was ineffective by failing to claim that trial counsel was ineffective with respect to the detective's testimony suggesting that Hill was a suspect in other burglaries or robberies.

¶25    We are not persuaded by this argument for some of the same reasons that we were not persuaded by Hill's argument regarding the detective's testimony about Hill's refusal to answer questions. First, trial counsel had the same strategic reason for not drawing further attention to the testimony by moving to strike it or by seeking a curative instruction. Second, the detective's testimony suggesting that Hill was a suspect in other burglaries or robberies, like his testimony regarding Hill's refusal to answer questions, was not likely to have been a significant factor in the jury's decision when considered alongside Barnett's testimony identifying Hill.[7]

---

[7] Outside of the jury's presence, Hill's trial counsel moved for a mistrial based on the detective's repeated references to Hill being a suspect in other burglaries or robberies. The circuit court denied the motion. To the extent that Hill is now making any argument with respect to trial counsel's motion for a mistrial, we conclude that the argument is undeveloped and we therefore address it no further. *See State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992) (explaining that we need not consider undeveloped arguments).

¶26 Hill next claims that trial counsel was ineffective by failing to object, move to strike, or seek a curative instruction when a witness testified that Hill was arrested on an extraditable warrant. Hill argues that the jury was tainted by this testimony. For the same reasons already discussed, we conclude that Hill has not shown that this claim is clearly stronger than the claims appellate counsel raised in Hill's direct appeal. There was a strategic reason for trial counsel not to draw further attention to this testimony, and the testimony was unlikely to have been a significant factor in the jury's decision.

¶27 Hill next claims that trial counsel was ineffective by failing to adequately investigate and cross-examine Barnett and the detective who contacted Barnett about Hill being a suspect. Hill states that he has now obtained Barnett's notes and related records through a public records request. Hill argues that these records could have been used to show that Barnett and the detective were cooperating to pin the robbery on Hill. However, Hill points to nothing specific in the records that would have been likely to cast doubt on Barnett's identification of Hill. Further, if trial counsel had sought to impeach Barrett's identification of Hill with details of Barnett's communications with the detective, then the jury would likely have learned, to Hill's potential detriment, that he was on probation.

¶28 Hill next claims that trial counsel was ineffective by failing to object to the presentence investigation report (PSI). Hill argues that, contrary to the parties' agreement, the PSI was prepared by Barnett. Hill argues that Barnett should not have been allowed to prepare the PSI given his vested interest in the case as one of the State's main witnesses at trial. Hill contends that trial counsel should have moved to strike the PSI and that, if counsel had done so, there would have been a new PSI that would have been more objective and fair.

¶29   We conclude that Hill has not shown that his claim relating to the PSI has any merit. To begin, Hill's briefing does not make clear what evidence there is, if any, to show that Barnett prepared the PSI. Hill asserts that he reviewed the PSI and could "readily see" that Barnett had "completed everything but the cover page." However, Hill does not provide any objective support for this assertion. The PSI includes attached risk assessments showing that the assessments were prepared by Barnett, but the PSI otherwise indicates that it was prepared by a different agent who signed the PSI. Additionally, Hill does not demonstrate that the PSI contains any inaccurate information provided by Barnett or that Barnett influenced the PSI's sentencing recommendation, even putting to the side the issue of whether Barnett was necessarily disqualified from contributing to the PSI merely because he was a witness in the case.

¶30   Hill next claims that trial counsel was ineffective by failing to request pattern jury instruction WIS JI—CRIMINAL 141, "Where Identification of Defendant is in Issue." Hill argues that the instruction was necessary because the jury was being asked to weigh the testimony of multiple witnesses on the issue of identification. Hill contends that, absent this instruction, the jury would not have understood how to evaluate the identification evidence. We conclude that Hill's argument relating to the jury instruction is too general and conclusory to support a viable claim for ineffective assistance of trial counsel. Hill does not explain how any particular aspect of the instruction was necessary for the jury to understand any particular aspect of the identification evidence in this case.

¶31   Hill's next and final claim is that trial counsel was ineffective by failing to undertake sufficient efforts to demonstrate that Hill was significantly taller than the height of the robber as estimated by the sole eyewitness to the robbery and as shown on the surveillance video. Hill asserts that by measuring the

height of various objects captured in the video, the actual height of the suspect could have been determined using geometry.

¶32    Hill does not further develop this argument relating to height and, absent further development, we are not convinced that Hill could persuasively claim that trial counsel was ineffective in this respect. As to the eyewitness, trial counsel did emphasize during closing argument that Hill's height was about five feet five inches and that the witness estimated the robber's height at four feet seven inches. Hill fails to show that trial counsel was deficient by not making more of an effort as to this issue. As to the video, Hill appears to be speculating that an expert analysis of the robbery scene and the video would have produced evidence that the robber was shorter than Hill. Speculation of this nature is insufficient to support a claim for ineffective assistance of counsel. *State v. Wirts*, 176 Wis. 2d 174, 187, 500 N.W.2d 317 (Ct. App. 1993) ("A showing of prejudice requires more than speculation." The defendant bears the burden "'to *affirmatively* prove prejudice.'" (alterations in original) (quoted source omitted)).

### *Conclusion*

¶33    In sum, for the reasons stated above, we conclude that Hill fails to show that his appellate counsel was ineffective, either by inadequately briefing the claims counsel raised or by failing to raise additional claims. Accordingly, we affirm the circuit court's order denying Hill's postconviction motion under WIS. STAT. § 974.06.[8]

---

[8] Hill requests that we remand this case to the circuit court for the circuit court to address Hill's request for postconviction discovery relating to the anonymous tip identifying Hill as the robbery suspect. Hill states that he made this request in his postconviction motion under WIS.

(continued)

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

STAT. § 974.06 and that the circuit court failed to address it. For the reasons we now explain, we decline to require the circuit court to address Hill's request for postconviction discovery.

Hill relies on ***State v. O'Brien***, 223 Wis. 2d 303, 588 N.W.2d 8 (1999), as providing for postconviction discovery. In ***O'Brien***, our supreme court held that "a party who seeks post-conviction discovery must first show that the evidence is consequential to an issue in the case and[,] had the evidence been discovered, the result of the proceeding would have been different." ***Id.*** at 323. Here, Hill makes a one-paragraph argument that the disclosure of information relating to the anonymous tipster may have provided a basis to impeach the tipster's identification of Hill as the suspect. Based in part on factors explained in the body of the opinion, this argument is not sufficient to persuade us that Hill has a meritorious basis to seek postconviction discovery pursuant to ***O'Brien***.