**COURT OF APPEALS
DECISION
DATED AND FILED**

**February 1, 2023**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No.        2022AP905**

**STATE OF WISCONSIN**

Cir. Ct. No.  2020TP20

**IN COURT OF APPEALS
DISTRICT II**

IN RE THE TERMINATION OF PARENTAL RIGHTS TO D.R.R., A PERSON UNDER THE AGE OF 18:

**J.R.,**

    PETITIONER-RESPONDENT,

  V.

**R.S.,**

    RESPONDENT-APPELLANT.

APPEAL from orders of the circuit court for Fond du Lac County: DALE L. ENGLISH, Judge. *Affirmed.*

¶1      GUNDRUM, P.J.[1] Rhonda appeals from an order of the circuit court terminating her parental rights to her and James' son, David, following a jury's determination that she abandoned David and failed to assume parental responsibility and the court's finding that termination was in David's best interest.[2] Rhonda also appeals from an order denying her request for a new trial on the basis that her counsel performed ineffectively at trial. Specifically, she claims counsel was ineffective because he failed to call two particular individuals as witnesses.[3] For the following reasons, we conclude counsel did not perform ineffectively, and we affirm.

### Background

¶2      David was born in January 2016. In October 2020, James filed a petition seeking to terminate Rhonda's parental rights to David based on abandonment, continuing denial of periods of physical placement, and failure to assume parental responsibility. Rhonda contested the petition, and a jury trial on the grounds phase occurred in October 2021. The jury found that Rhonda had abandoned David for six months or longer by failing to visit or communicate with

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(e) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

[2] For ease of reading, we use the pseudonyms "Rhonda," "David" and "James" in lieu of R.S., D.R. and J.R., respectively.

[3] In her brief-in-chief, Rhonda additionally claims (1) the circuit court erred by informing the jury during opening statements that the guardian ad litem "represent[s] the best interests of [David]" and (2) her trial counsel performed ineffectively by failing to object to this "error." In response, James cites to *D.B. v. Waukesha County Human Services Department*, 153 Wis. 2d 761, 770, 451 N.W.2d 799 (Ct. App. 1989), which supports his position that the court did not err in making its comment and therefore counsel was not ineffective for failing to object. Subsequently, in her reply brief, Rhonda withdrew her claim of court error and ineffective assistance of counsel arising out of the court's comment, and thus we discuss this no further.

him and not having good cause for failing to do so and that she had failed to assume parental responsibility. The circuit court held a dispositional hearing and found that it was in David's best interest to terminate Rhonda's parental rights.

¶3  Rhonda filed a postdisposition motion asserting ineffective assistance of trial counsel. The court held a ***Machner***[4] hearing at which trial counsel and the two witnesses whom Rhonda claims should have been called at trial testified. Following the hearing, the court denied Rhonda's postdisposition motion, and she appeals.

## *Discussion*

¶4  In order to prove ineffective assistance of counsel, Rhonda bears the burden of showing both that counsel's performance was deficient and that the deficient performance prejudiced her. *See **A.S. v. State***, 168 Wis. 2d 995, 1005, 485 N.W.2d 52 (1992); *see also **Strickland v. Washington***, 466 U.S. 668, 687 (1984). If she fails to prove either prong, we need not address whether the other prong was satisfied. *See **Strickland***, 466 U.S. at 700. Whether trial counsel's performance was deficient and whether it prejudiced Rhonda are questions of law we review de novo. ***State v. Pitsch***, 124 Wis. 2d 628, 633-34, 369 N.W.2d 711 (1985). Because we conclude Rhonda has failed to show that any act or failure to act by counsel prejudiced her, we do not address the deficiency question.

¶5  To prove prejudice, Rhonda needed to show that the alleged errors of counsel were "of such magnitude that there is a reasonable probability that, absent the error, 'the result of the proceeding would have been different.'" *See*

---

[4] *See **State v. Machner***, 92 Wis. 2d 797, 285 N.W.2d 905 (Ct. App. 1979).

*State v. Erickson*, 227 Wis. 2d 758, 769, 596 N.W.2d 749 (1999) (quoting *Strickland*, 466 U.S. at 694). "It is not sufficient for the [parent] to show that his [or her] counsel's errors 'had some conceivable effect on the outcome of the proceeding.'" *State v. Domke*, 2011 WI 95, ¶54, 337 Wis. 2d 268, 805 N.W.2d 364 (quoting *State v. Carter*, 2010 WI 40, ¶37, 324 Wis. 2d 640, 782 N.W.2d 695).

¶6      Rhonda contends counsel erred by failing to call as a witness at trial a Madison police officer who spoke with James in April 2021. She asserts the officer's testimony "would have added to [her] good cause argument on abandonment and the circumstances of the failure to assume parental responsibility" as it was "important evidence of [James] trying to cut off contact between [David] and [Rhonda]." She claims the officer would have provided testimony "that phone numbers were blocked; that all packages were going to be refused and that the only pictures [James] was going to show of [Rhonda] to [David] was [Rhonda's] mugshot." In support of this contention, Rhonda relies on the officer's testimony at the *Machner* hearing that James had sent a text to Rhonda's mother "saying thank you for the package" and indicating the only photo he had of Rhonda was a "mug shot" "so [that] will be what I show to [David, or] something to that effect"; had expressed to the officer that he (James) no longer wanted packages sent to his address; and had informed the officer "that he had already blocked" the phone number of Rhonda's mother.[5] For the following reasons, we conclude Rhonda has failed to demonstrate she was prejudiced by the failure to call the officer as a witness.

---

[5] According to the officer, Rhonda's mother also informed him "that she was going to be blocking [James's] number."

¶7      During the testimony of Rhonda's mother, Rhonda's counsel published Exhibit 12 and passed it around to the jury. Exhibit 12 consisted of Rhonda's "mug shot" photo and James's text below it saying "[t]hank you for the package. This is the latest picture I could find of [Rhonda] so when [David] asks who she is I can at least put a face to the name. Hope all is well!" Thus, the jury was informed of—indeed, it saw for itself—what the officer would have testified to in this regard had he been called as a witness. And as to the blocking of phone numbers, the officer's testimony was that James indicated he had blocked the phone number of Rhonda's *mother*; there was no indication he had blocked Rhonda's phone number. More significantly, as to all of the officer's testimony, Rhonda fails to develop any argument explaining how there was a "reasonable probability … 'the result of the proceeding would have been different,'" *see Erickson*, 227 Wis. 2d at 769, if the officer's testimony had been presented, and we fail to see how this would be so, *see Clean Wis., Inc. v. PSC of Wis.*, 2005 WI 93, ¶180 n.40, 282 Wis. 2d 250, 700 N.W.2d 768 ("We will not address undeveloped arguments.").

¶8      Rhonda also contends counsel performed ineffectively by failing to call a Don Weeden as a witness because Weeden would have corroborated the trial testimony of Rhonda's mother that Rhonda participated with her in sending packages to David; Rhonda asserts that sending the packages amounted to communicating with and showing concern for David. Rhonda claims it was "clearly ineffective not to present testimony from Weeden to buttress testimony from [her mother] whose bias toward [Rhonda] made her vulnerable to impeachment."

¶9      To begin, Rhonda gives us no reason to conclude the jury did not believe her mother's testimony that Rhonda participated in sending packages to

David—other than to speculate that simply because she was Rhonda's mother, the jury found she was lying about Rhonda participating in sending the packages. Speculation, however, is insufficient to establish prejudice. *See **State v. Wirts***, 176 Wis. 2d 174, 187, 500 N.W.2d 317 (Ct. App. 1993) ("A showing of prejudice requires more than speculation."); *see also **Domke***, 337 Wis. 2d 268, ¶54 ("It is not sufficient for the [appellant] to show that [her] counsel's errors 'had some conceivable effect on the outcome of the proceeding.'" (citations omitted)). Thus, Rhonda has not shown by clear and convincing evidence a reasonable probability of a different result if Weeden had testified. Moreover and relatedly, Rhonda again fails to sufficiently develop an argument showing she was prejudiced with regard to either the abandonment or failure to assume parental responsibility grounds, much less both, by the failure to call Weeden as a witness. *See **Steven V. v. Kelley H.***, 2004 WI 47, ¶¶24-25, 271 Wis. 2d 1, 678 N.W.2d 856 (recognizing that to proceed to the disposition phase of a termination of parental rights proceeding, the petitioner only needed to prove the existence of one ground). She would like us to believe it is so simply because she asserts it; but that is insufficient for establishing prejudice.

   *By the Court.*—Orders affirmed.

   This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.